HUGO BRIANZI, as Administrator, etc., of JOSEPH BRIANZI, Deceased, Respondent, *v.* WILLIAM M. CRANE COMPANY, Appellant.

First Department, April 1, 1921.

Motor vehicles — action to recover for death of child killed by motor truck while playing in street — burden of proof — evidence not establishing negligence of defendant's chauffeur — unavoidable accident.

In an action to recover for the death of a child killed by defendant's motor truck while playing in the street, evidence examined, and *held*, that the plaintiff did not sustain the burden of proof of showing that the defendant's chauffeur was negligent. That the accident was unavoidable and, therefore, a judgment in favor of the plaintiff should be reversed.

APPEAL by the defendant, William M. Crane Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 12th day of March, 1920, on the verdict of a jury for $2,084, and also from an order entered in said clerk's office on the 28th day of February, 1920, denying defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*J. Arthur Hilton* of counsel [*Alfred T. Tompkins* with him on the brief], for the appellant.

*Alexander Karlin,* for the respondent.

SMITH, J.:

The plaintiff is the administrator of his son who, at the time of his death, was three years and four months old. The defendant's truck, heavily laden with gas stoves, was proceeding easterly on Forty-eighth street from Eleventh avenue towards Tenth avenue. There is some dispute in the evidence as to whether this child came out from the north curb or from the south curb, but the evidence establishes, I think, without doubt that it being about one-fifteen, about the noon hour, different delivery wagons were drawn up on both sides of the street; horses were being fed and the men were taking their lunches. Whether the plaintiff's intestate came from the south or north side of the street it is evident that he darted out in front of and was struck by the truck and that the left front wheel ran over him. The truck stopped almost immediately. There is no evidence of excessive speed. No one swears that the truck was going fast, and the fastest speed sworn to was six or seven miles an hour. It is admitted that no horn was blown, but that is fully explained by the emergency presented to the chauffeur who was fully occupied in putting on the brakes and stopping the truck, which he did within six feet. Furthermore, there was shouting by several persons which would give as much warning as the blowing of the horn, so that if the failure to blow the horn was negligence, that negligence did not cause the injury.

The evidence is to the effect that the deceased played around on the street at different times and ran back and forth as is often the case with children of that age playing in the street. From the plaintiff's testimony he was being led across the street by his sister who, when faced by the emergency, dropped his hand and left him. It is possible that he was being led from the south to the north side as the sister swears, and upon his hand being dropped, he sought to get back to the south side, which was the side upon which he lived. The situation was not presented to the chauffeur until the child was within about six feet of the truck. There is the usual discrepancy as to just how the boy was running and where he was looking when he was running and as to some of the details of the accident.

The plaintiff has the burden of proof to show that the

First Department, April, 1921.      [Vol. 196

defendant was negligent. The street was thirty feet wide between curbs and with wagons lined up on both sides of the street there was just room for two vehicles to pass in the space between. The emergency must have been suddenly created, whether the child ran out from the north side or the south side. The truck was about to meet a laundry wagon which is corroborative of the fact that the truck was considerably nearer to the south side than the north side, and if, as claimed by the plaintiff, the child ran from the south side, there would be less time for the chauffeur to see the child in order to avoid him.

The only proof that could be claimed to show negligence is the fact of the happening of the accident and that is not sufficient under the authorities. The chauffeur swears he did not see the sister but in the confusion of the moment that fact is not enough upon which to predicate negligence. To hold that there was proof of negligence on the part of the defendant's chauffeur sufficient to satisfy the requirements of the burden of proof would, in my judgment, be based upon mere speculation. The plaintiff's evidence consists entirely of the testimony of the father and young sister and brother of the deceased and is very unsatisfactory. Giving to this testimony the most that can be claimed for it, the case is barren of proof of any incautious driving or handling of the truck by defendant's chauffeur. The occurrence was a pure accident, unavoidable as I view it, and the judgment and order should, therefore, be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs.