■ MIGUEL ACEVEDO, an Infant, by ISABELO ACEVEDO, His Guardian ad Litem, et al., Respondents, v. CITY OF NEW YORK, Appellant, et al., Defendant.
—

On February 27, 1954, the infant plaintiff—seven years of age at the time—was struck by a Department of Sanitation truck that was proceeding south on Amsterdam Avenue, between 134th and 135th Streets. The accident occurred when the infant plaintiff suddenly emerged from behind cars parked along the west side of the avenue and came out into the path of the truck. In our opinion plaintiffs failed to show any actionable negligence on the part of the driver of the truck. The plaintiffs' only eyewitness was the driver of the truck. There was not a scintilla of evidence of excessive speed, lack of control or any other negligent act in the operation of defendant's vehicle. Under the

circumstances, the complaint should be dismissed. (See *Brianzi* v. *Crane Co.,* 196 App. Div. 58.) In any event—if the action were not dismissed—the judgment would have to be reversed and a new trial granted because the verdict is against the weight of the credible evidence, particularly as to the proof concerning plaintiff's alleged injury and the defense of release. Considering the testimony of the medical witnesses produced by defendant—as opposed to that adduced on behalf of plaintiffs—the evidence clearly preponderated in favor of a conclusion that the intracranial condition from which the infant was suffering was not produced by trauma but was a congenital lesion with herniation of brain tissue into the nasal cavity. The medical opinions of plaintiffs' witnesses were not predicated on a sufficiently satisfactory foundation to warrant their opinions that the infant had suffered a traumatic encephalocele as a result of the accident. It follows from this view of the weight of the credible medical evidence, that the verdict of the jury insofar as it rejected the defense of release may not stand. In September, 1954, a Justice of the Municipal Court signed an order of compromise approving a settlement of the infant's claim for $1,230, and a release was given. The fact that the settlement was approved by the Municipal Court, does not give it conclusive validity. (See *Harvey* v. *Georgia,* 148 Misc. 633; Annotation, 8 A. L. R. 2d 460.) A release executed under a mutual mistake of fact concerning injuries received will not bar a subsequent action. (See *Farrington* v. *Harlem Sav. Bank,* 280 N. Y. 1; *Brown* v. *Manshul Realty Corp.,* 271 App. Div. 222, affd. 299 N. Y. 618; *Landau* v. *Hertz Drivurself Stations,* 237 App. Div. 141.) If the settlement were made at a time when the parties did not know of the existence of the injury, the release may be set aside. In this case, when the release was given and a settlement approved, it was known that the infant had sustained a head injury. A failure to appreciate the consequences of that injury would amount to a mistake as to the sequellæ of a known injury rather than a mistake of fact as to the existence of an injury. Since plaintiff failed to establish by a preponderance of the medical evidence that the infant had sustained the traumatic damage claimed, there was a concomitant failure to prove a mutual mistake as to the alleged existence of the unproven injury. Hence, the release should not have been set aside on the basis of the evidence adduced at the trial. (See *Viskovitch* v. *Walsh-Fuller-Slattery,* 16 A D 2d 67.) Finally, a new trial would unquestionably have been necessary here because of the wholly unsatisfactory nature of the charge to the jury on the question of negligence. The instructions on negligence were much too meager to give the jury a correct and adequate understanding of the case. (See *Molnar* v. *Slattery Contr. Co.,* 8 A D 2d 95; *Storms* v. *City of Fulton,* 263 App. Div. 927.) Settle order on notice. Concur — Breitel, J. P., Valente, Stevens, Steuer and Bergan, JJ.