■ MALIKAH FERRER, an Infant, by JOSE FERRER, HIS FATHER AND NATURAL GUARDIAN, et al., Respondents, v BEN HARRIS et al., Appellants. — Judgment, Supreme Court, New York County, entered on December 7, 1979, affirmed. Respondents shall recover one bill of $75 costs and disbursements of this appeal. Concur — Kupferman, J.P., Birns, Fein and Sandler, JJ.

Lynch, J., dissents in a memorandum as follows: I would reverse the judgment and grant a new trial. The evidence presented a question of fact as to whether the defendant Harris was confronted by an emergency, a question withheld from the jury by the court's refusal to so charge, and a question of fact as to whether the accident was proximately caused by any negligence on the part of the defendant Javidan. Walton Avenue is for southbound traffic only. There was evidence showing that, at the time of the accident, there were cars parked along the east and west sides, leaving two lanes for moving traffic. The defendant Javidan, in violation of a city traffic regulation, double parked his ice cream street vendor's truck, with music playing to attract customers, on the westerly moving lane across the street from a park bordering Walton Avenue on the east. There was evidence from which the jury could find that the defendant Harris was driving no more than 15 to 20 miles an hour in the easterly moving lane when he saw to his left, and about 10 feet ahead of him, the infant plaintiff running from between two parked cars. She was four years old and going from the park across to the ice cream truck. There was evidence from which the jury could have found that Harris immediately applied his brakes and traveled only about five feet before a collision with the child. The jury could well have found that these circumstances, coupled with his room for movement being constricted by the double parked truck, presented the defendant Harris with a classic emergency situation — a sudden or unexpected occurrence, calling for immediate action without opportunity to deliberate, not created by his own negligence, thus exempting him from liability (Rowlands v Parks, 2 NY2d 64, 67; 1A Warren's Negligence, § 15.01; see, also, Acevido v City of New York, 15 AD2d 899, affd 17 NY2d 843; Brianzi v Crane Co., 196 App Div 58). The jury apportioned negligence 75% to the defendant Harris and 25% to the defendant Javidan. The latter contends that the complaint

should have been dismissed as to him as a matter of law for the failure of proof that his negligence was a proximate cause of the accident, and he should thus be excluded from any retrial. I cannot agree. While it is true, as Javidan claims, that in both *Bishop v Hamad* (43 AD2d 805) and *Naeris v New York Tel. Co.* (6 AD2d 196, affd 5 NY2d 1009) the injured infant had come out from in front of the double parked truck to be struck by a passing vehicle, their holdings are not limited to that precise situation. *Bishop* set forth the vendor's duty to provide "a safe means of ingress to the vending truck and a safe exit from it". *Naeris* held (p 198) that the "zone of danger apprehended by the regulation against double parking" was a question of fact to be determined by the jury. A subsequent case is in accord. In *Giordano v Sheridan Maintenance Corp.* (38 AD2d 552), the infant plaintiff was seated on his bicycle behind the right rear of an illegally double parked ice cream vending truck that was facing north when he was hit from behind by a vehicle traveling north. Citing *Naeris,* the court held that the vendor's negligence was a fact question for the jury. (See, also, Ann. Civil Liability of Mobile Vendor for Attracting into Street Child Injured by Another's Motor Vehicle, 84 ALR3d 826, 850.)