■ In the Matter of JOHN C. SCIBILIA, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York and Administrator of the New York State and Local Employees' Retirement System, Respondent.—Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's request for accidental disability retirement benefits.

Petitioner was a mechanical foreman employed by the

Monroe County Board of Elections. On December 26, 1989, he filed an application for accidental disability retirement benefits for an alleged accident that occurred in May 1979. Respondent disapproved his application on February 12, 1990. Hearings were held on September 11, 1990 and November 28, 1990 pursuant to petitioner's timely request therefor. The Hearing Officer determined, and respondent agreed, that petitioner's injury was not a result of an accident as contemplated by Retirement and Social Security Law § 363. Petitioner thereafter commenced this proceeding challenging respondent's determination.

The Hearing Officer found that petitioner directed James Watkins, a voting machine technician and his subordinate, to repair a defective wheel on a voting machine on May 31, 1979. The 650-pound machine had to be elevated in order to make such a repair. After setting a Johnson bar beneath the machine, Watkins used one hand to apply pressure on the bar to elevate the machine while his other hand was used to place a four-inch wooden block underneath it. Petitioner observed that the machine was about to tip over and rushed to prevent such occurrence. Petitioner testified that he injured his lower back when he assisted Watkins in stabilizing and lifting the voting machine. Both Grant Bartlett, who was the assistant foreman and a senior voting machine technician, and Watkins testified that petitioner held up the voting machine in order to keep it from falling until the wooden block could be placed underneath it.

In order to be eligible for accidental disability retirement benefits, petitioner's injury must have emanated from a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " *(Matter of Lichtenstein v Board of Trustees of Police Pension Fund,* 57 NY2d 1010, 1012, quoting *Johnson Corp. v Indemnity Ins. Co.,* 6 AD2d 97, 100, *affd* 7 NY2d 222). The Hearing Officer determined that the tipping of the machine constituted an accident, that is, a sudden, unexpected event. He further found, however, that petitioner's response to that event was a separate, voluntary and unfortuitous event and the resulting injury was therefore not the result of an "accident". We cannot agree. We view the incident as one continuous event in which petitioner, while responding to the sudden and unexpected tipping of the machine, caught it and brought it to an upright position as the result of which he injured his back, thereby entitling him to accidental disability retirement benefits *(cf., Matter of Esposito v Regan,* 162 AD2d 870).

Weiss, P. J., Mikoll and Mahoney, JJ., concur.

Levine, J. (dissenting). I respectfully dissent. There was substantial evidence to support respondent's determination that petitioner's back injury was not the result of an accident within the meaning of Retirement and Social Security Law § 363. In his application for accidental disability retirement benefits petitioner stated, "I lifted a voting machine [and] hurt my back 5/31/79. We had to replace a broken caster on [the] bottom of the machine." Although the majority's version is supported by petitioner's testimony at one point of the hearing that his injury occurred when he "felt something pull" as he impulsively "grabbed" the voting machine as it was tipping over, other portions of petitioner's testimony at least equally support respondent's finding of no accidental injury. Thus, petitioner described his actions as follows: "Well, I grabbed the machine and I straightened it up and I pulled it up and I told him to put the block of wood under the machine, which he did." Petitioner later explained that it was the act of lifting the machine that caused the injury to his back:

"Q. You were assisting Mr. Watkins to lift the machine?

"A. Yes.

"Q. When did you feel pain?

"A. When I pulled up the machine.

"Q. And what happened next?

"A. Well, he put the block of wood under the machine and I turned around and walked away and I started feeling the throbbing in my back."

Under this version of the incident, it can readily be concluded that the toppling of the voting machine, while perhaps sudden and unexpected, was not the "precipitating cause of injury" (Matter of McCambridge v McGuire, 62 NY2d 563, 567) and that the falling machine was not itself " 'injurious in impact' " (Matter of Lichtenstein v Board of Trustees of Police Pension Fund, 57 NY2d 1010, 1012, quoting Johnson Corp. v Indemnity Ins. Co., 6 AD2d 97, 100, affd 7 NY2d 222). Rather, it was petitioner's intentional act of lifting the machine so that another employee could put a block under it which was the cause of the injury. Thus, "[t]he injury did not emanate from an unforeseen, accidental event, but was precipitated by petitioner's own physical exertion in voluntarily attempting a task routinely performed by other [employees]" (Matter of Caramante v Regan, 129 AD2d 850, 851-852, lv denied 69 NY2d 611).

For all the foregoing reasons, I would confirm respondent's

determination and dismiss the petition. Adjudged that the determination is annulled, with costs, petition granted and matter remitted to respondent for further proceedings not inconsistent with this court's decision.