■ In the Matter of ALBERT THOMPSON, JR., Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Weiss, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

On December 11, 1989 petitioner, employed as a maintenance assistant at Downstate Medical Center in Westchester County, filed an application for accidental disability retirement benefits, describing the underlying accident in the following terms: "While I and my partner were removing an air conditioner from a window in one of the offices, I experienced sharp pains in my back and abdomen. At the time I felt pain and could no longer hold on to the air conditioner." He also alleged that "[his] back ha[d] been permanently disabled while lifting an air conditioning unit". The application was disapproved upon the ground that petitioner had not sustained an injury as a result of an accident within the meaning of Retirement and Social Security Law § 63.

At the ensuing administrative hearing, petitioner testified that on the day in question he and an inexperienced helper were removing a large air conditioner from a window and the assistant "started to pull too fast", requiring petitioner to lift the unit himself to keep it from falling on the other worker. Following the hearing, a determination was issued concluding that petitioner was injured while performing an "exertional" activity in the ordinary course of his duties as a maintenance assistant and that the injury was the result of risks inherent in the performance of his duties. Respondent denied the application, holding that petitioner "failed to prove that the alleged injury occurred because of a 'sudden, fortuitous mischance, unexpected [and] out of the ordinary' ", which deter-

mination petitioner has challenged in this CPLR article 78 proceeding.

The determination should be confirmed and the petition dismissed. An applicant for accidental disability retirement benefits has the burden of establishing that his injury was due to an accident, an unexpected, sudden mischance *(see, Matter of Lichtenstein v Board of Trustees,* 57 NY2d 1010, 1012). Injuries resulting from the risks inherent in the regular duties of the applicant's employment are not accidental *(see, Matter of Pugliese v New York State & Local Empls. Retirement Sys.,* 161 AD2d 1095). Here, there is no question that lifting heavy air conditioners from windows was a regular part of petitioner's employment. In fact, he testified that he had performed the task practically every day during the year prior to the accident. That a fellow employee might for some reason be unable to fully hold up his side of the load is by no means unexpected. It is, rather, an integral risk of lifting and carrying heavy objects *(see, Matter of Pugliese v New York State & Local Empls. Retirement Sys., supra; Matter of Odierno v Regan,* 135 AD2d 898). Our decision in *Matter of Scibilia v Regan* (183 AD2d 1096) is clearly distinguishable. There, no effort was made to *manually* lift the 650-pound voting machine and it was wholly unexpected that the petitioner would be required to attempt to lift and stabilize the machine when it began to tip over *(see, supra,* at 1097).

Levine, Mercure, Mahoney and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.