■ In the Matter of KAREN L. LEUENBERGER, Appellant, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [652 NYS2d 671] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Torraca, J.), entered March 25, 1996 in Albany County, which dismissed petitioner's application, in a

proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for accidental disability retirement benefits.

Petitioner, a licensed practical nurse, was loading a patient into a van, a duty she performed routinely. She responded to her supervisor's calls for help when the van's back door, which proved to be rusted at the hinges, started to fall. It was a large door with a spare wheel mounted on it, some 200 pounds in weight. Petitioner's back sustained injury as a result of the physical effort of holding the door in place. Petitioner's subsequent application for accidental disability retirement benefits was denied by respondent on the ground that petitioner had not suffered an accident within the meaning of Retirement and Social Security Law § 605 (b) (3). Supreme Court thereafter dismissed petitioner's CPLR article 78 proceeding challenging respondent's determination. Proceedings challenging the result of hearings on the question of whether an incident constitutes an accident involve questions of substantial evidence and should be transferred to this Court pursuant to CPLR 7804 (g). We deem the matter as so transferred.

We disagree with respondent's determination denying petitioner accidental disability retirement benefits. Petitioner's act of aiding her distressed supervisor in preventing the fall of the van's heavy door was an accident in that it was a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (*Matter of Lichtenstein v Board of Trustees*, 57 NY2d 1010, 1012, quoting *Johnson Corp. v Indemnity Ins. Co.*, 6 AD2d 97, 100, *affd* 7 NY2d 222). The uncontroverted evidence establishes that petitioner's injury was unusual, unexpected and not a risk inherent in the ordinary performance of petitioner's regular duties (*see, Matter of Echols v Regan*, 161 AD2d 1024). Further, we do not consider petitioner's response to her supervisor's call of alarm to amount to a calculated or voluntary action on her part which has been found in some circumstances not to constitute an accident (*cf., Matter of Pugliese v New York State & Local Empls. Retirement Sys.*, 161 AD2d 1095).

Respondent's determination was not supported by substantial evidence and must be annulled (*see, Matter of Scibilia v Regan*, 183 AD2d 1096, *lv denied* 80 AD2d 759).

Mercure, Casey, Spain and Carpinello, JJ., concur. Ordered that the determination is annulled, with costs and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.