■ In the Matter of MICHAEL J. MARSALA, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEMS et al., Respondents. [788 NYS2d 517]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer, filed an application for accidental disability retirement benefits based upon a knee injury which occurred when he was attempting a running dismount from a bicycle during a basic bicycle patrol training course. Petitioner's initial application for accidental disability retirement benefits was denied. After a hearing, a Hearing Officer denied the application on the ground that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363. Respondent Comptroller adopted the Hearing Officer's findings, prompting petitioner to commence this CPLR, article 78 proceeding.

It is well settled that "an incident does not qualify as an accident justifying the award of accidental disability retirement benefits where the injury results from an expected or foreseeable event arising during the performance of routine employment duties" (*Matter of O'Brien v Hevesi*, 12 AD3d 895, 896 [2004]; *see Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y.*, 57 NY2d 1010, 1012 [1982]). At the time of his injury, petitioner was participating in a bicycle training exercise as part of his training for his plainclothed detail assignment. During the training session, petitioner performed two low-speed dismounts and then was instructed to attempt the running dismount, which involves simultaneously dismounting a moving bicycle and running in order to apprehend a fleeing suspect. Inasmuch as the injury occurred during training for routine duties commensurate with his employment, substantial evidence supports the determination denying petitioner's application and it will not be disturbed (*see Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., supra* at 1012; *Matter of Mirrer v Hevesi*, 4 AD3d 722, 723 [2004]; *Matter of Tucker v McCall*, 262 AD2d 916, 917 [1999]).

Mercure, J.P., Spain, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.