■ In the Matter of BETSY C. McKENNA, Petitioner, v ALAN G. HEVESI, as State Comptroller, Respondent. [807 NYS2d 716]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner worked as a police officer for the City of New Rochelle Police Department. On February 20, 2002, she and fellow officers participated in an approved defense training program which entailed a weapon retention drill. During the drill, she was paired with a male partner who, as part of the exercise, tried to forcibly take her gun. Petitioner resisted and the two struggled, eventually falling to the ground. Petitioner injured her right hand and was unable to return to duty. She applied for accidental disability retirement benefits as a result of this incident and two prior ones. Her application was eventually denied by respondent on the ground that none of the incidents listed in her application constituted accidents within the meaning of Retirement and Social Security Law § 363. Petitioner commenced this CPLR article 78 proceeding challenging the determination to the extent that respondent found that the February 20, 2002 incident was not an accident.

We confirm. "It is well settled that 'an incident does not qualify as an accident justifying the award of accidental disability retirement benefits where the injury results from an expected or foreseeable event arising during the performance of routine employment duties' " (*Matter of Marsala v New York State & Local Employees' Retirement Sys.*, 14 AD3d 984, 985 [2005], *lv denied* 4 NY3d 709 [2005], quoting *Matter of O'Brien v Hevesi*, 12 AD3d 895, 896 [2004], *lv dismissed* 5 NY3d 749 [2005]). Petitioner was injured during a routine training session that was periodically provided by her employer, and the manner in which she was injured was not unanticipated (*see e.g. Matter of Marsala v New York State & Local Employees' Retirement Sys.*, *supra*; *Matter of Santorsola v McCall*, 302 AD2d 727 [2003]; *compare Matter of Carr v Ward*, 119 AD2d 163 [1986]). Although her strenuous resistance, which she contends exacerbated the amount of force used by her partner, was due to a prior traumatic experience, this does not transform the incident into an accidental event. Accordingly, we find that substantial evidence supports respondent's determination.

Crew III, J.P., Peters, Spain, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.