■ In the Matter of GARY P. O'SHEI, Petitioner, v ALAN G. HEVESI, as Comptroller of the State of New York, Respondent. [807 NYS2d 714]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a patrol lieutenant for the City of Buffalo Police Department, was injured when he sat on a bench in the police locker room and it tipped over. As a result, petitioner applied for, and was denied, accidental disability retirement benefits. Petitioner subsequently requested a hearing at which the hearing officer found that the incident did not constitute an accident under Retirement and Social Security Law § 363. Respondent agreed with the hearing officer's determination, prompting this CPLR article 78 proceeding.

We confirm. An accident under the Retirement and Social Security Law is a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II,* 57 NY2d 1010, 1012 [1982], quoting *Arthur A. Johnson Corp. v Indemnity Ins. Co. of N. Am.,* 6 AD2d 97, 100 [1958], *affd* 7 NY2d 222 [1959]). Thus, "an injury that occurs without an unexpected event, as the result of activity undertaken in the performance of ordinary employment duties (considered in view of the particular employment in question) is not an accidental injury" (*Matter of Cadiz v McCall,* 236 AD2d 766, 766 [1997]). Here, petitioner testified that he had been working at the same police station and using the same locker for a period of approximately one year and that he had sat on the same bench during that time. The record contains no evidence that the bench was defective or that its condition had changed. Given the foregoing circumstances, and that it was petitioner's own miscalculation that caused the bench to become unbalanced and to tip over, we find that substantial evidence supports respondent's determination (*see Matter of Avery v McCall,* 308 AD2d 677, 678 [2003]; *Matter of Kalis v McCall,* 257 AD2d 838, 839 [1999]; *Matter of Cheers v State of New York,* 251 AD2d 735, 736 [1998]).

Cardona, P.J., Mercure, Spain and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.