■ In the Matter of MARIE FELIX, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [813 NYS2d 267]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner was employed as a court officer for almost nine years. On June 27, 2001, she was directed by her supervisor to participate in a newly instituted gun retention training program as part of her regular duties. During the program, instructors demonstrated a technique to be used by court officers to avoid the seizure of their weapons by third parties. Petitioner was practicing the technique with a male partner who was attempting to take her gun. According to petitioner, her partner unexpectedly grabbed her body instead of her arm during the exercise, causing her to twist and injure her knee. She was unable to return to work thereafter and filed an application for accidental disability retirement benefits. After her application was initially denied, the denial was upheld by a hearing officer who found that the incident did not constitute an accident within the meaning of the Retirement and Social Security Law. Respondent Comptroller adopted the hearing officer's findings, resulting in this CPLR article 78 proceeding.

We confirm. Under any interpretation of the facts, the incident in question cannot be characterized as a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II,* 57 NY2d 1010, 1012 [1982], quoting *Arthur A. Johnson Corp. v Indemnity Ins. Co. of N. Am.,* 6 AD2d 97, 100 [1958], *affd* 7 NY2d 222 [1959]). Rather, it was the result of a training program constituting an ordinary part of petitioner's job duties and the normal risks arising therefrom (*see e.g. Matter of McKenna v Hevesi,* 26 AD3d 584 [2006]; *Matter of Marsala v New York State & Local Employees' Retirement Sys.,* 14 AD3d 984 [2005], *lv denied* 4 NY3d 709 [2005]). The fact that, as petitioner contends, her partner may not have performed the maneuver as instructed or that she did not anticipate his movement did not transform the incident into an accident within the meaning of the Retirement and Social Security Law.

Cardona, P.J., Crew III, Peters, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.