■ In the Matter of JOSEPH P. GERACI, Petitioner, v ALAN G. HEVESI, as State Comptroller, Respondent. [829 NYS2d 736]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer, injured his left knee while participating in an expandable baton training course. According to petitioner, the injury occurred when his left foot sunk into an exercise mat and his sneaker gripped the mat, thereby causing his left leg to twist as he attempted to move to his right. Petitioner applied for accidental disability retirement benefits and, after his application was initially disapproved, he requested a hearing and redetermination. Following the hearing, the Hearing Officer denied petitioner's application on the basis that he failed to establish that the incident in question constituted an accident within the meaning of the Retirement and Social Security Law. Respondent accepted the Hearing Officer's findings and conclusions, and this CPLR article 78 proceeding by petitioner ensued.

We confirm. Upon our review of the record, we cannot

characterize the subject incident as a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II,* 57 NY2d 1010, 1012 [1982], quoting *Arthur A. Johnson Corp. v Indemnity Ins. Co. of N. Am.,* 6 AD2d 97, 100 [1958], *affd* 7 NY2d 222 [1959]). To the contrary, "it was the result of a training program constituting an ordinary part of petitioner's job duties and the normal risks arising therefrom" (*Matter of Felix v New York State Comptroller,* 28 AD3d 993, 994 [2006]; *see Matter of McKenna v Hevesi,* 26 AD3d 584, 585 [2006]; *Matter of Marsala v New York State & Local Employees' Retirement Sys.,* 14 AD3d 984, 985 [2005], *lv denied* 4 NY3d 709 [2005]). Petitioner's assertions regarding the inappropriateness of his footwear, even if accepted, would not transform the incident into an accidental event (*see Matter of Felix v New York State Comptroller, supra* at 994; *Matter of McKenna v Hevesi, supra* at 585). In light of the foregoing, substantial evidence supports the determination denying petitioner's application and it will not be disturbed.

Cardona, P.J., Carpinello, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.