■ In the Matter of CHRISTOPHER W. STIMPSON, Petitioner, v ALAN G. HEVESI, as State Comptroller, Respondent. [830 NYS2d 856]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a firefighter employed by the Village of Scarsdale Fire Department in Westchester County, was injured during a training exercise on October 23, 2002 in which he was practicing a procedure for removing a downed firefighter from a burning building. As petitioner pulled the fallen firefighter up the stairs going backward, with the assistance of two other trainees, his foot became wedged between the downed firefighter's air pack and the stairs while the other trainees continued to push, resulting in an injury to his right knee. Petitioner applied for accidental disability retirement benefits, but his application was denied on the ground that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363. Following a hearing and redetermination, a Hearing Officer denied the application on the same ground, and respondent subsequently adopted that decision. Petitioner commenced this CPLR article 78 proceeding, challenging respondent's determination.

We confirm. An accident within the meaning of the Retirement and Social Security Law is a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982], quoting *Arthur A. Johnson Corp. v Indemnity Ins. Co. of N. Am.*, 6 AD2d 97, 100 [1958], *affd* 7 NY2d 222 [1959]). Hence, "an injury that occurs without an unexpected event, as the result of activity undertaken in the performance of ordinary employment duties (considered in view of the particular employment in question) is not an accidental injury within the purview of [the] Retirement and Social Security Law" (*Matter of Cadiz v McCall*, 236 AD2d 766, 766 [1997]; *see Matter of O'Shei v Hevesi*, 26 AD3d 585, 586 [2006]). Here, substantial evidence supports respondent's determination that petitioner's injury "was the result of a training program constituting an ordinary part of petitioner's job duties and the normal risks arising therefrom" (*Matter of Felix v New York State Comptroller*, 28 AD3d 993, 994 [2006]; *accord Matter of Geraci v Hevesi*, 37 AD3d 941, 942 [2007]; *see Matter of McKenna v Hevesi*, 26 AD3d 584, 585 [2006]; *Matter of Marsala v New York State & Local Employees' Retirement Sys.*, 14 AD3d 984, 985 [2005], *lv denied* 4 NY3d 709 [2005]).

Mercure, J.P., Spain, Carpinello, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.