Mercure, J.P.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner’s application for accidental disability retirement benefits.
Petitioner, a 30-year veteran of the City of Yonkers Police Department in Westchester County, retired in February 2006. Approximately one month earlier, petitioner applied for accidental disability retirement benefits alleging that he was permanently disabled as the result of an incident that occurred in January 1994 when he slipped on an exposed electrical cord that was placed next to a conduit and injured his back. Following disapproval of his application, petitioner sought a hearing, at the conclusion of which a Hearing Officer found that the January 1994 incident did not constitute an accident within the meaning of the Retirement and Social Security Law. Respondent Comptroller made a supplemental finding of fact and otherwise accepted the Hearing Officer’s findings and conclusions, prompting petitioner to commence this proceeding pursuant to CPLR article 78 to challenge that determination.
Prior to petitioner’s arrival at work on the day in question, the heat went out and someone placed an electric heater in the well of petitioner’s desk. The cord for the heater ran across the floor and plugged into an outlet located to the right of petitioner’s desk. After traversing the path between the desk and the outlet 10 to 20 times over the course of the five hours that petitioner was on duty before sustaining his injury, petitioner stepped on the exposed cord, slipped backwards and felt pain in his back and right leg. Petitioner missed two to three weeks of work but, it would appear, thereafter returned to work.
“[A]n incident does not qualify as an accident justifying the *944 award of accidental disability retirement benefits where the injury results from an expected or foreseeable event arising during the performance of routine employment duties” (Matter of O’Brien v Hevesi, 12 AD3d 895, 896 [2004], lv dismissed 5 NY3d 749 [2005]; see Matter of Brennan v New York State & Local Empls. Retirement Sys., 50 AD3d 1374, 1375 [2008]; Matter of Stimpson v Hevesi, 38 AD3d 979, 980 [2007]; Matter of Marsala v New York State & Local Employees’ Retirement Sys., 14 AD3d 984, 985 [2005], lv denied 4 NY3d 709 [2005]). The Hearing Officer expressly found that petitioner was aware of both the heater and the electrical cord that ran across the open area next to petitioner’s desk—a finding that is entirely reasonable on this record. According due deference to this credibility determination (see Matter of McCabe v Hevesi, 38 AD3d 1035, 1036 [2007]), we find that there is substantial evidence to support the Comptroller’s conclusion that petitioner’s injury was the product of his own misstep.
Spain, Rose, Kane and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.