■ In the Matter of MARTHA DELACRUZ, Petitioner, v THOMAS P. DINAPOLI, as State Comptroller, Respondent. [889 NYS2d 316]—

Kavanagh, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner was employed as a criminal investigator for the Westchester County District Attorney's office. During a training program in dignitary protection, petitioner participated in an exercise wherein she played the role of a dignitary and another participant guided her away from an unruly crowd and into a waiting car. During the exercise, the other participant stumbled and fell, pulling petitioner to the ground and causing her to sustain injuries. Petitioner's ensuing application for accidental disability retirement benefits was denied. Following her request for a hearing and redetermination, a Hearing Officer concluded that petitioner's fall constituted an accident under the Retirement and Social Security Law. Respondent, however, disagreed and denied the application, finding that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 607-e. Petitioner thereafter commenced this CPLR article 78 proceeding.

It is beyond dispute that "[a]n accident within the meaning of the Retirement and Social Security Law is a sudden and extraordinary event that is unrelated to the ordinary risks of employment" (*Matter of Santorsola v McCall*, 302 AD2d 727, 728 [2003]; *accord Matter of Magrino v DiNapoli*, 64 AD3d 868, 868-869 [2009]). In this case, petitioner was newly assigned to act as the District Attorney's driver and bodyguard, and she was sent to dignitary protection training by her employer in order to prepare her for that assignment. The exercise in which she was injured was a part of that training and participants had been previously instructed on how to act during it. In short, the incident in question resulted from "a training program constituting an ordinary part of petitioner's job duties and the normal risks arising therefrom" (*Matter of Felix v New York State Comptroller*, 28 AD3d 993, 994 [2006]). The fact that another participant's misstep led to petitioner's injuries "did not transform the incident into an accident within the meaning of the Retirement and Social Security Law" (*id.*; *see Matter of Stimpson v Hevesi*, 38 AD3d 979, 980 [2007]; *Matter of McKenna v Hevesi*, 26 AD3d 584, 585 [2006]) and, as such, respondent's determination is supported by substantial evidence.

Rose, J.P., Stein, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.