■ In the Matter of WAYMAN NEELY, Petitioner, v THOMAS P. DINAPOLI, as State Comptroller, Respondent. [898 NYS2d 671]—

Garry, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for disability and performance of duty disability retirement benefits.

Petitioner, a correction officer, was injured in February 1985 when he fell from a ladder during a training exercise and sustained calcaneal fractures of both ankles. Following multiple surgeries and a lengthy rehabilitation, petitioner returned to work. Thereafter, in January 2000, while attempting to quell a disturbance between two inmates, petitioner twisted and reinjured one or both of his ankles. Although not entirely clear from the record, it appears that petitioner continued to work—at least intermittently—until he retired in July 2003.

Petitioner thereafter applied for enhanced disability retirement benefits under Retirement and Social Security Law § 507-a contending, insofar as is relevant to this proceeding, that the February 1985 incident constituted an accident within the meaning of the Retirement and Social Security Law. Petitioner also applied for performance of duty disability retirement benefits under Retirement and Social Security Law § 507-b asserting that he was permanently incapacitated as the result of the January 2000 incident. Respondent denied petitioner's respective applications, and petitioner requested a hearing and redetermination.

At the conclusion of the hearings, the Hearing Officer denied petitioner's disability retirement application, finding that the February 1985 incident did not constitute an accident. As to petitioner's performance of duty disability retirement application, the Hearing Officer found that although petitioner indeed was permanently incapacitated from the performance of his duties, such disability was not the proximate result of the January 2000 incident. Respondent adopted the Hearing Officer's findings and denied petitioner's applications. Petitioner commenced this CPLR article 78 proceeding to challenge that determination.

Upon his disability retirement application, petitioner bore the burden of demonstrating that the February 1985 incident constituted an accident within the narrow meaning of the Retirement and Social Security Law (see Matter of Grutzner v Murray, 68 AD3d 1231, 1232 [2009]; Matter of Melendez v New York State Comptroller, 54 AD3d 1128, 1129 [2008], lv denied 12 NY3d 706 [2009]). Accidental disability retirement benefits are not available where the "event precipitating the injury is a risk of the applicant's ordinary employment duties" (Matter of Coon v New York State Comptroller, 30 AD3d 884, 885 [2006], lv denied 7 NY3d 717 [2006]). This principle applies with equal force when "the incident in question resulted from a training program constituting an ordinary part of [the] petitioner's job duties and the normal risks arising therefrom" (Matter of DeLaCruz v DiNapoli, 67 AD3d 1297, 1298 [2009] [internal quotation marks and citation omitted]; see Matter of Stimpson v Hevesi, 38 AD3d 979, 980 [2007]; Matter of Felix v New York State Comptroller, 28 AD3d 993, 994 [2006]). Petitioner testified that he slipped and fell while climbing a ladder during an academy training exercise. Although his misstep may have been caused by sweat on the ladder rungs from other trainees, this is not sufficient to require an award of accidental disability retirement benefits (see Matter of Stimpson v Hevesi, 38 AD3d at

980). Respondent's determination on this point is supported by substantial evidence.

We reach a similar conclusion with regard to the denial of petitioner's performance of duty disability application. At the hearing, the New York State and Local Employees' Retirement System conceded that petitioner was permanently incapacitated from the performance of his duties, leaving for consideration only the issue of whether such disability was the "natural and proximate result" of the January 2000 injury (Retirement and Social Security Law § 507-b [a]). Petitioner submitted medical reports from various physicians suggesting that his disability was precipitated, at least in part, by the January 2000 incident. However, John Mazella, the board-certified orthopedic surgeon who evaluated petitioner on behalf of the Retirement System, opined that petitioner's disability was the result of severe post-traumatic osteoarthritis brought about by the bilateral 1985 fractures. Specifically, Mazella testified that the arthritis he observed in 2005 could not possibly have resulted solely from the 2000 incident; rather, such condition was the cumulative result of an ongoing development. Mazella stated that even in the absence of the January 2000 event, petitioner eventually would have reached the point where he no longer could have performed his duties as a correction officer.

"Where, as here, there is conflicting medical evidence, respondent is vested with the exclusive authority to weigh such evidence and credit the opinion of one medical expert over another" (*Matter of Gatewood v DiNapoli*, 60 AD3d 1266, 1267 [2009] [citation omitted]; *see Matter of Ragno v DiNapoli*, 68 AD3d 1342, 1344 [2009]). As Mazella articulated a rational and fact-based opinion premised upon his physical examination of petitioner and his review of relevant medical records, respondent's determination is supported by substantial evidence and will not be disturbed (*see Matter of Hammond-Timpano v New York State & Local Retirement Sys.*, 65 AD3d 1439, 1440 [2009]).

Peters, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.