■ In the Matter of THOMAS A. KEMPKES, Petitioner, v THOMAS P. DINAPOLI, as Comptroller of the State of New York, Respondent. [916 NYS2d 338]—

Garry, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer, applied for accidental disability and performance of duty disability retirement benefits based upon an incident that occurred in September 2002. Although both applications were initially denied, petitioner was ultimately granted performance of duty disability retirement benefits and was also granted a redetermination on the accidental disability retirement benefits application. Prior to the redetermination hearing, petitioner was allowed to amend his application to include incidents occurring on six additional dates. The amended application was denied and petitioner was granted a redetermination.* At the outset of the redetermination hearing, petitioner withdrew his claims concerning three of the incidents. Thereafter, a Hearing Officer determined that the remaining

---

* The application as to an incident in February 1999 was denied due to petitioner's failure to file a notice of accident pursuant to Retirement and Social Security Law § 363 (c). As petitioner does not now address this finding, the issue is deemed abandoned (*see Matter of Velazquez v New York State & Local Retirement Sys.*, 17 AD3d 833, 834 n [2005]).

incidents did not constitute accidents within the meaning of the Retirement and Social Security Law and denied the application. Respondent made two supplemental findings of fact, but otherwise adopted the Hearing Officer's findings, prompting this CPLR article 78 proceeding.

"The petitioner bears the burden of proving that an injury was accidental and [respondent's] determination in this regard will be upheld if supported by substantial evidence" (*Matter of Franks v New York State & Local Retirement Sys.*, 47 AD3d 1115, 1116 [2008] [citations omitted]). A finding of an accidental injury is limited to those arising out of a "sudden, fortuitous mischance [which is] unexpected [and] out of the ordinary" (*Matter of Hulse v DiNapoli*, 70 AD3d 1235, 1236 [2010] [internal quotation marks and citations omitted]), and "an injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" (*Matter of Kenny v DiNapoli*, 11 NY3d 873, 874 [2008] [internal quotation marks and citation omitted]; *accord Matter of Sorrentino v DiNapoli*, 74 AD3d 1694, 1695 [2010]).

Here, petitioner first claims an accidental injury with regard to an incident in January 1999 when he slipped on ice in the parking lot of police headquarters while on duty at about 1:00 A.M. Although petitioner testified that he was unaware of the ice when he slipped, he testified that it was cold that night and indicated that there was snow on the ground. Under these circumstances, we find that petitioner could reasonably have anticipated the icy condition, and respondent's determination is supported by substantial evidence (*see Matter of O'Brien v New York State Comptroller*, 56 AD3d 937, 938 [2008], *lv denied* 12 NY3d 708 [2009]; *Matter of Avery v McCall*, 308 AD2d 677, 678 [2003]).

Petitioner also contends that he suffered an accidental injury in September 2002 when an individual who was suffering a panic attack suddenly lunged at petitioner, who was administering oxygen, causing him to fall. As petitioner's job duties included providing emergency care, and taking into consideration the fact that individuals with emotional problems may behave unpredictably (*see Matter of Welsh v New York State Comptroller*, 67 AD3d 1167, 1169 [2009], *lv denied* 14 NY3d 706 [2010]; *Matter of Nedwick v McCall*, 308 AD2d 653, 653 [2003]), substantial evidence supports respondent's determination that petitioner's injury arose from physical contact inherent in the routine performance of his duties (*see Matter of Welsh v New*

*York State Comptroller*, 67 AD3d at 1169; *Matter of Wise v New York State Comptroller*, 38 AD3d 1032, 1033-1034 [2007], *lv denied* 9 NY3d 811 [2007]; *Matter of Nedwick v McCall*, 308 AD2d at 653). Similarly, petitioner's claim regarding a June 2003 incident, in which petitioner was allegedly injured while performing CPR, involves an ordinary job duty and the normal risks inherent in its performance (*see Matter of Stimpson v Hevesi*, 38 AD3d 979, 980 [2007]).

Finally, petitioner argues that respondent conceded that an incident in September 1999 was an accident under the Retirement and Social Security Law. We disagree. Respondent's indication in a supplemental finding of fact that the New York State and Local Police and Fire Retirement System had concluded, in a February 2008 determination, that the incident was an accident was clearly an error. Our review of the February 2008 determination reveals that the Retirement System came to the opposite conclusion and found that the incident did not constitute an accident. In any event, petitioner withdrew this incident from consideration at the outset of the administrative hearing (*see Matter of Jones v McCall*, 278 AD2d 741, 743 [2000]).

Peters, J.P., Kavanagh, Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.