■ In the Matter of KAREN A. STONE, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [935 NYS2d 386]—

Rose, J.P.

Petitioner, a police officer, was walking backwards up a set of stairs carrying a trundle to a heart attack victim when the ambulance driver assisting her at the other end of the trundle pushed it forward, causing petitioner to lose her balance and fall backwards against an open screen door that gave way, injuring her shoulder. Petitioner's subsequent application for accidental disability retirement benefits was denied by respondent Comptroller on the ground that the incident was not an accident within the meaning of Retirement and Social Security Law § 363. Petitioner thereafter commenced this CPLR article 78 proceeding challenging the Comptroller's determination.

We confirm. Petitioner was engaged in the performance of her regular duties at the time of the incident, and the precipitating event, namely, the hasty or uncoordinated movement of her coworker in carrying the trundle up the stairs, was a risk of the work performed and, under these circumstances, cannot be characterized "as a sudden, fortuitous mischance, unexpected [and] out of the ordinary" (*Matter of Felix v New York State Comptroller*, 28 AD3d 993, 994 [2006] [internal quotation marks and citations omitted]; *see Matter of Stimpson v Hevesi*, 38 AD3d 979, 980 [2007]; *Matter of Kosilla v Hevesi*, 25 AD3d 870, 872 [2006]). The fact that petitioner did not anticipate her coworker's movement does not transform the incident into an accident within the meaning of the Retirement and Social Security Law (*see Matter of Felix v New York State Comptroller*, 28 AD3d at 994). Rather, in our view, the injury occurred " 'without an un-

expected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question' " (*Matter of Kenny v DiNapoli*, 11 NY3d 873, 874 [2008], quoting *Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982]).

Petitioner also argues that, even if the uncoordinated movement of the coworker is an inherent risk of employment, the screen door giving way is an unexpected event akin to the step in the pothole that was considered accidental in *Matter of Pratt v Regan* (68 NY2d 746, 747 [1986]). We are not persuaded. Petitioner, who bore the burden of proving that the injury was accidental (*see Matter of Kempkes v DiNapoli*, 81 AD3d 1071, 1072 [2011]), did not present any evidence at the hearing that the screen door was hazardous, defective or a cause of injury unrelated to the ordinary risks of the job of carrying a load backwards up a set of stairs (*compare Matter of Leuenberger v McCall*, 235 AD2d 906, 907 [1997]). Rather, petitioner testified that, as she fell backwards, she slammed into the door, which had been propped open by its spring mechanism, and it gave way, causing her to then hit the house. That a door that has been propped open by a spring mechanism will give way when slammed into cannot be considered unexpected, nothing about the door being propped open so as to allow entry into the house can be considered hazardous and petitioner offered no evidence that the door was defective. Accordingly, the evidence presented does not compel a finding, as a matter of law, that the door was a hazardous or defective condition that caused the injury such as in *Pratt* or its progeny (*see Matter of Balduzzi v McCall*, 220 AD2d 796 [1995] [defective stair tread]; *Matter of Sullivan v Regan*, 133 AD2d 993 [1987] [icy curb]; *Matter of Boudreau v Regan*, 129 AD2d 846 [1987] [bottle lying on the ground]). As substantial evidence supports the Comptroller's determination that the incident was not an accident, but was instead a risk inherent in the regular duties of petitioner's employment, it will not be disturbed (*see Matter of Kempkes v DiNapoli*, 81 AD3d at 1072; *Matter of Stimpson v Hevesi*, 38 AD3d at 980; *Matter of Felix v New York State Comptroller*, 28 AD3d at 994).

Lahtinen, Kavanagh, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.