■ In the Matter of MARC LENCI, Petitioner, v THOMAS P. DiNAPOLI, as Comptroller of the State of New York, Respondent. [937 NYS2d 755]—

Garry, J.

Petitioner applied for accidental disability retirement benefits based upon several incidents that occurred throughout his tenure as a police officer. Respondent denied petitioner's application, finding that none of the incidents constituted accidents within the meaning of the Retirement and Social Security Law, and the notice requirement was not met with regard to the incident alleged to have occurred on November 16, 2000. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78, contending that the incident occurring on November 16, 2000 does constitute an accident and that adequate notice of the incident was provided.

Petitioner bears the burden of proving that his injury was accidental, and respondent's determination will be upheld if supported by substantial evidence (*see Matter of Kempkes v DiNapoli*, 81 AD3d 1071, 1072 [2011]; *Matter of Carducci v DiNapoli*, 77 AD3d 1052, 1052 [2010]). An injury is accidental within the meaning of the Retirement and Social Security Law if it arises out of a "sudden, fortuitous mischance" that is unexpected and unrelated to the ordinary risks of the petitioner's job duties (*Matter of Hulse v DiNapoli*, 70 AD3d 1235, 1236 [2010] [internal quotation marks and citations omitted]; *see Matter of*

*Kempkes v DiNapoli*, 81 AD3d at 1072; *Matter of Carducci v DiNapoli*, 77 AD3d at 1052-1053). Petitioner testified that while he was providing emergency assistance to a citizen who was trapped beneath concrete pieces atop a "precarious" and "off kilter" scaffolding, the scaffolding shifted, causing petitioner to injure his back. Petitioner's job duties included responding to various types of emergencies and providing assistance to citizens in need; accordingly, we find that petitioner's injury occurred while he was performing his ordinary job duties, was within the normal risks inherent in the performance of those duties, and could have reasonably been anticipated (*see Matter of Kempkes v DiNapoli*, 81 AD3d at 1072; *Matter of Franks v New York State & Local Retirement Sys.*, 47 AD3d 1115, 1116 [2008]). As respondent's denial of petitioner's application on this basis is supported by substantial evidence, we need not consider petitioner's remaining argument.

Peters, J.P., Lahtinen, Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.