■ In the Matter of DANIEL W. SULLIVAN, Petitioner, v THOMAS P. DiNAPOLI, as Comptroller of the State of New York, et al., Respondents. [944 NYS2d 789]—

Garry, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner worked as an investigator for the Department of Environmental Conservation for 31 years. During that time, he was involved in a lengthy undercover operation to identify individuals involved in the illegal taking, transportation and commercialization of protected wildlife. On January 6, 2008, in the course of this work, he and his partner attended a large herpetology show where they believed several targets of their investigation would be buying and selling illegal wildlife. During the show, petitioner made arrangements with two of these individuals to purchase 30 protected amphibians and seven copperhead snakes which he planned to transport in the bed of an undercover pick-up truck covered by a fiberglass cap. After the show, he and his partner met with these individuals and they delivered the reptiles in two large Tupperware containers. The container holding the venomous snakes did not have a secure lid. After lowering the tailgate and opening the cap, petitioner

climbed into the bed of the truck, which was approximately 3½ to 4 feet from the ground, and secured the container holding the snakes. He was anxious to exit the bed of the truck to distance himself from the snakes and to continue to obtain an audio recording of the targeted individuals on his undercover wire. Petitioner bent down to lower himself from the tailgate to the ground and, in doing so, landed hard injuring both knees. His application for accidental disability retirement benefits was initially denied, but a Hearing Officer subsequently ruled that the January 6, 2008 incident precipitating petitioner's injury constituted an accident within the meaning of the Retirement and Social Security Law. Respondent Comptroller, however, disagreed and denied petitioner's application. This CPLR article 78 proceeding ensued.

Initially, we note that the burden is on the party seeking to obtain accidental disability retirement benefits to establish that the incident in question constituted an accident, and the Comptroller's determination in this regard will be upheld if supported by substantial evidence (*see Matter of Clarke v Murray*, 85 AD3d 1536, 1537 [2011]; *Matter of Sorrentino v DiNapoli*, 74 AD3d 1694, 1695 [2010]). An accident has been defined, for purposes of the Retirement and Social Security Law, as "a 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact'" (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982], quoting *Arthur A. Johnson Corp. v Indemnity Ins. Co. of N. Am.*, 6 AD2d 97, 100 [1958], *affd* 7 NY2d 222 [1959]; *see Matter of Geraci v Hevesi*, 37 AD3d 941, 942 [2007]). Notably, "'an injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury'" (*Matter of Kenny v DiNapoli*, 11 NY3d 873, 874 [2008], quoting *Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d at 1012; *see Matter of Neidecker v DiNapoli*, 82 AD3d 1483, 1483-1484 [2011]).

As part of his duties as an investigator, petitioner participated in surveillance activities related to undercover illegal wildlife trafficking operations for a period of three years. His involvement in transactions resulting in the sale and exchange of illegal wildlife, some of which might be venomous, was thus foreseeable. Although one might not expect venomous snakes to be transported in a nonsecure manner, there is nothing in the record to indicate that the lid of the container was ajar or that

there was another obvious hazard present that constituted a sudden, unexpected and out of the ordinary event precipitating petitioner's injury. Indeed, according to petitioner's own testimony, although he wished to distance himself from the snakes and resume audio recording of the targeted individuals, he stepped down from the tailgate in a very careful and gingerly manner when exiting the bed of the truck. Under the circumstances presented, substantial evidence supports the Comptroller's determination that the incident did not constitute an accident within the meaning of the Retirement and Social Security Law, and we find no reason to disturb his determination (*see Matter of Neidecker v DiNapoli*, 82 AD3d at 1483-1484; *Matter of O'Brien v New York State Comptroller*, 56 AD3d 937, 938 [2008], *lv denied* 12 NY3d 708 [2009]).

Mercure, J.P., Rose, Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.