In the Matter of FRANK J. SUPPA, Petitioner, v THOMAS P. DINAPOLI, as State Comptroller, Respondent. [956 NYS2d 281]—

Lahtinen, J. 

We confirm. "Petitioner bears the burden of proving that his injury was accidental, and respondent's determination will be upheld if supported by substantial evidence" (*Matter of Lenci v DiNapoli*, 92 AD3d 1078, 1078 [2012]; *see Matter of Murphy v New York State Comptroller*, 92 AD3d 1022, 1022 [2012]). An

accident, under the meaning of the Retirement and Social Security Law, is "a sudden, fortuitous mischance [which is] unexpected [and] out of the ordinary" (*Matter of Hulse v DiNapoli*, 70 AD3d 1235, 1236 [2010] [internal quotation marks and citations omitted]; *accord Matter of Kempkes v DiNapoli*, 81 AD3d 1071, 1072 [2011]). Moreover, "an incident does not qualify as an accident justifying the award of accidental disability retirement benefits where the injury results from an expected or foreseeable event arising during the performance of routine employment duties" (*Matter of O'Brien v Hevesi*, 12 AD3d 895, 896 [2004], *lv dismissed* 5 NY3d 749 [2005]; *accord Matter of Canner v New York State Comptroller*, 97 AD3d 1091, 1092 [2012], *lv denied* 20 NY3d 851 [2012]; *Matter of Murray v New York State Comptroller*, 84 AD3d 1681, 1682 [2011]).

Here, petitioner testified that he was performing a routine job duty when he was injured. Further, he stated that he was aware that the stone wall that he climbed upon was made up of "large loose boulders" that were merely piled on top of each other, without anything holding the boulders together. Under these circumstances, the possibility that one of the boulders would come loose under petitioner's weight as he was standing on it was a foreseeable event. Accordingly, substantial evidence supports respondent's determination that the incident did not constitute an accident within the meaning of the Retirement and Social Security Law (*see Matter of Kenny v DiNapoli*, 11 NY3d 873, 875 [2008]; *Matter of Sullivan v DiNapoli*, 95 AD3d 1558, 1560 [2012]).

Mercure, J.P., Malone Jr., Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.