Lahtinen, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner’s application for accidental disability retirement benefits.
Petitioner, a police lieutenant, was employed by the City of Mount Vernon Police Department in Westchester County for 18 years. On May 5, 1995, while on patrol in his marked police vehicle, he responded to a call that an individual was breaking into a car. When he arrived at the scene of the break in, the suspect fled and he began pursuing the suspect on foot. While in pursuit, petitioner came upon a chain-link fence approximately five feet tall, located between him and the suspect, which he proceeded to climb. As he placed one of his feet on the cross bar at the top of the fence, the bar bent inward under his weight, causing him to fall to the ground and sustain injuries. *1428 Petitioner subsequently applied for accidental disability retirement benefits under the Retirement and Social Security Law. His application was denied upon the ground that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363. Following a hearing, the Hearing Officer found otherwise and ruled that the incident did constitute an accident thereby entitling petitioner to receive accidental disability retirement benefits. Respondent, however, disagreed and denied petitioner’s application. This CPLR article 78 proceeding ensued.
In order to be considered an accident within the meaning of Retirement and Social Security Law § 363, the precipitating event must be “a ‘sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact’ ” (Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept., of City of N.Y., Art. II, 57 NY2d 1010, 1012 [1982], quoting Arthur A. Johnson Corp. v Indemnity Ins. Co. of N. Am., 6 AD2d 97, 100 [1958], affd 7 NY2d 222 [1959]; see Matter of Kenny v DiNapoli, 11 NY3d 873, 874 [2008]; Matter of Ashley v DiNapoli, 97 AD3d 1057, 1058 [2012]). Significantly, “an injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury” (Matter of Kenny v DiNapoli, 11 NY3d at 874 [internal quotation marks and citation omitted]; see Matter of O’Shei v Hevesi, 26 AD3d 585, 586 [2006]). The burden is upon the petitioner to demonstrate that the injury occurred as the result of an accident and respondent’s determination in this regard will be upheld if supported by substantial evidence (see Matter of Suppa v DiNapoli, 101 AD3d 1348, 1348 [2012]; Matter of Baron v DiNapoli, 57 AD3d 1202, 1203 [2008]).
At the time he was injured, petitioner was performing his regular duties pursuing a fleeing suspect on foot as he had done many times before. This Court has recognized that the “pursuit of suspects is an ordinary employment duty of a police officer” (Matter of Melendez v New York State Comptroller, 54 AD3d 1128, 1129 [2008], lv denied 12 NY3d 706 [2009]). Moreover, petitioner testified that climbing fences was a frequent activity undertaken in such pursuits (see id.). While he maintained that there was a defect in the fence that caused it to “bend and break out of its stanchion,” no evidence of a defect was presented at the hearing (see Matter of O’Shei v Hevesi, 26 AD3d at 586). In any event, the bending of the fence under petitioner’s weight is an event that could be reasonably anticipated even if *1429 an underlying defect was not visible (see e.g. Matter of Suppa v DiNapoli, 101 AD3d at 1349; Matter of Melendez v New York State Comptroller, 54 AD3d at 1129-1130). Accordingly, we conclude that the incident was an inherent risk of petitioner’s employment and that substantial evidence supports respondent’s determination (see Matter of Neidecker v DiNapoli, 82 AD3d 1483, 1484 [2011]; Matter of Melendez v New York State Comptroller, 54 AD3d at 1129-1130).
Peters, EJ., Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.