Matter of Harris v New York State & Local Retirement Sys. (2021 NY Slip Op 00610)





Matter of Harris v New York State & Local Retirement Sys.


2021 NY Slip Op 00610


Decided on February 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 4, 2021

531074

[*1]In the Matter of Michael Harris, Petitioner,
v
New York State and Local Retirement System et al., Respondents.

Calendar Date: January 5, 2021

Before: Garry, P.J., Clark, Aarons, Pritzker and Colangelo, JJ.


Vincent M. Lentini, Manhasset, for petitioner.
Letitia James, Attorney General, Albany (Sarah L. Rosenbluth of counsel), for respondents.



Garry, P.J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for accidental disability retirement benefits.
On September 8, 2014, petitioner, a court officer who was assigned to a criminal court, escorted an inmate who had become unruly during his sentencing hearing from the courtroom to a downstairs detention area. The inmate then attempted to go back upstairs to the courtroom and petitioner and two other officers took action to restrain him. Petitioner was injured during the ensuing scuffle and has not returned to work. He applied for accidental disability retirement benefits, citing injuries to his neck, right arm, right wrist and both shoulders. The application was denied on the ground that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 605-a. Following a hearing, a Hearing Officer upheld the denial on the same ground. Respondent Comptroller subsequently adopted that decision and this CPLR article 78 proceeding ensued.
We confirm. As the applicant, petitioner bore the burden of establishing that his disability arose from an accident within the meaning of the Retirement and Social Security Law, and the Comptroller's determination in this regard will be upheld if supported by substantial evidence (see Matter of Lewis v New York State Comptroller, 176 AD3d 1545, 1546 [2019]; Matter of Larivey v DiNapoli, 168 AD3d 1178, 1179 [2019]). For purposes of the Retirement and Social Security Law, an accident is defined as "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Kenny v DiNapoli, 11 NY3d 873, 874 [2008] [internal quotation marks and citation omitted]; see Matter of Karst v DiNapoli, 167 AD3d 1215, 1216 [2018]). "An injury that results from the performance of ordinary employment duties and is a risk inherent in such job duties is not considered accidental" (Matter of Creegan v DiNapoli, 172 AD3d 1856, 1857 [2019] [citations omitted], lv denied 34 NY3d 902 [2019]; see Matter of Kowal v DiNapoli, 145 AD3d 1152, 1153 [2016], affd 30 NY3d 1124 [2018]).
The job description of a court officer contains a list of "typical duties" that includes providing security in the courtroom, guarding criminal defendants while they are in the courtroom and escorting them to and from the detention area, removing disruptive individuals from the courtroom and physically restraining unruly individuals. The record contains the unusual occurrence reports of petitioner and one of the other officers that was involved in the incident. These reports were prepared in the days following the incident and both reports contain similar accounts of what transpired, namely that the inmate became unruly and disruptive during his sentencing hearing and, after he was escorted down to the holding area, he tried to run back [*2]upstairs into the courtroom. According to the reports, the officers then attempted to restrain the inmate and petitioner suffered injuries. An employee injury report prepared by a human resources administrator the day after the incident similarly describes petitioner being injured when he and other officers were restraining an inmate attempting to return to the courtroom. Contrary to the written reports, petitioner testified that he was not attempting to restrain the inmate when he was injured but that, instead, he was a passive victim of a sudden and unexpected assault.[FN1] The Comptroller, however, credited the earlier written accounts of the incident over petitioner's contradictory testimony. We defer to that credibility assessment (see Matter of Creegan v DiNapoli, 172 AD3d at 1858; Matter of Kilbride v New York State Comptroller, 95 AD3d 1496, 1497 [2012], lv denied 19 NY3d 813 [2012]). As such, substantial evidence supports the Comptroller's finding that petitioner's injury arose out of a risk that was foreseeable and inherent in the performance of his regular employment duties rather than an accident within the meaning of Retirement and Social Security Law § 605-a, and it will not be disturbed (see Matter of Creegan v DiNapoli, 172 AD3d at 1857; Matter of Kowal v DiNapoli, 145 AD3d at 1155; Matter of Kilbride v New York State Comptroller, 95 AD3d at 1497).
Clark, Aarons, Pritzker and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Although petitioner testified that someone else prepared his written report because he was too injured to write and he challenged the accuracy of all of the reports during his testimony, he did not call the authors of the reports as witnesses (see Matter of Angelino v New York State Comptroller, 176 AD3d 1376, 1379 [2019]).