Matter of Van Wyen v New York State Comptroller (2023 NY Slip Op 02164)

Matter of Van Wyen v New York State Comptroller

2023 NY Slip Op 02164

Decided on April 27, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 27, 2023

CV-22-1962
[*1]In the Matter of Robert Van Wyen, Petitioner,
v
New York State Comptroller et al., Respondents.

Calendar Date:March 31, 2023

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Edelstein & Grossman, New York City (Jonathan I. Edelstein of counsel), for petitioner.
Letitia James, Attorney General, Albany (Sarah L. Rosenbluth of counsel), for respondents.

Egan Jr., J.P.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for accidental disability retirement benefits.
In 2017, petitioner, a police officer, responded to a domestic disturbance call involving a suspect who was acting "erratic[ally]" and was said to be in possession of a drill. Upon ascending a staircase to confront the suspect, who was located in an upstairs room and not then visible, a gun shot was fired through a wall in petitioner's general direction. After petitioner exited the home to take cover and request backup, the suspect came outside and surrendered. While seeking to apprehend the suspect, petitioner came upon a roughly four-foot-tall, chain-link fence in his path. When petitioner attempted to scale the fence, it broke and he fell to the ground, sustaining various injuries. Petitioner thereafter filed an application for accidental disability retirement benefits alleging that, as a result of the incident, he was permanently disabled due to posttraumatic stress disorder and injuries to his back and left knee. The New York State and Local Police and Fire Retirement System denied petitioner's application, finding that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363. Following a hearing, the Hearing Officer denied the application upon the same ground. Respondent Comptroller adopted the Hearing Officer's decision, and this CPLR article 78 proceeding ensued.
"As the applicant, petitioner bore the burden of establishing that his disability arose from an accident within the meaning of the Retirement and Social Security Law, and [the Comptroller's] determination in this regard will be upheld if supported by substantial evidence" (Matter of Grall v DiNapoli, 196 AD3d 962, 963 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of Angelino v New York State Comptroller, 176 AD3d 1376, 1377 [3d Dept 2019]). "An injury-causing event is accidental when it is sudden, unexpected and not a risk of the work performed" (Matter of Valente v New York State Comptroller, 205 AD3d 1295, 1296 [3d Dept 2022] [internal quotation marks, brackets and citation omitted]; see Matter of Como v New York State Comptroller, 202 AD3d 1427, 1428 [3d Dept 2022]). As is relevant here, it is well established that "an injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" (Matter of Kelly v DiNapoli, 30 NY3d 674, 681 [2018] [internal quotation marks and citation omitted]; see Matter of Melendez v New York State Comptroller, 54 AD3d 1128, 1129 [3d Dept 2008], lv denied 12 NY3d 706 [2009]).
Petitioner testified that the incident occurred when he and another officer responded to [*2]a domestic disturbance between a woman and the suspect, the woman's adult son. Although it was undisputed that petitioner was not initially aware that the suspect had a firearm, petitioner and the other responding officer testified that they had been informed, prior to attempting to engage with the suspect, that the suspect was in possession of a drill and was acting "different" and "erratic." Notably, petitioner testified that he had been trained to handle situations involving violent individuals. In view of the foregoing, petitioner's encounter with the suspect, as occurred under the circumstances presented here, was inherent in the performance of his job duties. Accordingly, substantial evidence supports the Comptroller's determination that the suspect's discharge of a firearm in petitioner's direction did not constitute an accident within the meaning of Retirement and Social Security Law § 363 (see Matter of Kowal v DiNapoli, 145 AD3d 1152, 1155 [3d Dept 2016], affd 30 NY3d 1124 [2018]; Matter of Rodriquez v DiNapoli, 110 AD3d 1125, 1127 [3d Dept 2013]).
Turning to petitioner's injuries sustained as a result of attempting to scale a fence while in the process of apprehending the suspect, we note that the "pursuit of suspects is an ordinary employment duty of a police officer" (Matter of Hunce v DiNapoli, 106 AD3d 1427, 1428 [3d Dept 2013] [internal quotation marks and citation omitted]; see Matter of Grall v DiNapoli, 196 AD3d at 964-965; Matter of Angelino v New York State Comptroller, 176 AD3d at 1379). In this regard, petitioner testified that he had previously climbed similar fences many times in the performance of his duties. Although petitioner testified that he noted after his fall that the fence rail at issue here appeared to have been broken, he did not notice any such defects when jumping the fence. No further evidence regarding the structural integrity of the fence was submitted, but, in any case, "the [breaking] of the fence under petitioner's weight is an event that could be reasonably anticipated even if an underlying defect was not visible" (Matter of Hunce v DiNapoli, 106 AD3d at 1428-1429). Accordingly, we find that substantial evidence supports the determination that petitioner's injuries sustained when climbing a fence in pursuit of the suspect were the result of an inherent risk of his employment (see Matter of Hunce v DiNapoli, 106 AD3d at 1428-1429; Matter of Melendez v New York State Comptroller, 54 AD3d at 1129-1130; see also Matter of Grall v DiNapoli, 196 AD3d at 964-965).
Clark, Pritzker, Ceresia and Fisher, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.