■ In the Matter of TRACY WOLAK, Petitioner, v THOMAS P. DiNAPOLI, as Comptroller of the State of New York, et al., Respondents. [898 NYS2d 288]—

Garry, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner began working as a police officer for the Pelham Manor Police Department in January 1990. Approximately two years later, petitioner received Department of Criminal Justice

Services certification as a K-9 handler and was assigned to a K-9 unit where she worked until June 25, 1999. On that date, petitioner was participating in a training exercise that involved, among other things, instructing a patrol dog how to locate and apprehend a fleeing suspect. While the exercise called for the dog to bite petitioner on a protected portion of her forearm, petitioner was instead bitten on her unprotected bicep, causing nerve damage that has resulted in her unfitness to return to full duty as a police officer.

In 2006, petitioner applied for accidental and performance of duty disability retirement benefits based on the incident. After her application for accidental disability retirement benefits was not approved,* petitioner requested a redetermination and a hearing was held. Following the hearing, a Hearing Officer concluded that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363 and denied petitioner's application. Respondent Comptroller accepted the Hearing Officer's findings, prompting this CPLR article 78 proceeding.

We confirm. To qualify for benefits under this provision of the Retirement and Social Security Law requires a showing that the injury arose from "a sudden and extraordinary event that is unrelated to the ordinary risks of employment" (*Matter of Santorsola v McCall*, 302 AD2d 727, 728 [2003]). Here, petitioner's testimony that her injury occurred on the last day of a six-month instruction course during which she and the dog participated in the exercise in question three times a day, five days each week constitutes substantial evidence supporting the Comptroller's determination that she did not qualify for these benefits. "Rather, [petitioner's injury] was the result of a training program constituting an ordinary part of petitioner's job duties and the normal risks arising therefrom" (*Matter of Felix v New York State Comptroller*, 28 AD3d 993, 994 [2006]; *see Matter of McKenna v Hevesi*, 26 AD3d 584, 585 [2006]; *Matter of Marsala v New York State & Local Employees' Retirement Sys.*, 14 AD3d 984, 985 [2005], *lv denied* 4 NY3d 709 [2005]).

Cardona, P.J., Lahtinen, Malone Jr. and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Petitioner was awarded performance of duty disability retirement benefits.