■ In the Matter of John P. Quartucio, Petitioner, v Thomas P. DiNapoli, as State Comptroller, Respondent. [973 NYS2d 841]—

Egan Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

In 2007, petitioner, a police lieutenant with the Village of Ossining Police Department, filed an application for accidental disability retirement benefits contending that he was permanently incapacitated as the result of bilateral knee injuries sustained in June 1995, May 1999, April 2002 and January 2005. Petitioner's application was denied upon the ground that the cited incidents did not constitute accidents within the meaning of Retirement and Social Security Law § 363 (c) and, further, that petitioner failed to give the required notice for the April 2002 incident.[1] Following a hearing and redetermination, a Hearing Officer upheld the denial of petitioner's application. Respondent subsequently adopted the Hearing Officer's findings and conclusions, prompting petitioner to commence this CPLR article 78 proceeding to challenge respondent's determination.

We confirm. Petitioner bore the burden of demonstrating his entitlement to accidental disability retirement benefits, and respondent's determination in this regard, if supported by substantial evidence in the record as a whole, will not be disturbed (*see Matter of Ruggiero v DiNapoli*, 85 AD3d 1282, 1283 [2011], *lv denied* 17 NY3d 711 [2011]; *Matter of Bleeker v New York State Comptroller*, 84 AD3d 1683, 1683 [2011], *lv*

---

1. Petitioner's application for performance of duty disability retirement benefits—also filed in 2007—subsequently was granted.

*denied* 17 NY3d 709 [2011]). To qualify as an accident, "the precipitating event must be a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (*Matter of Hunce v DiNapoli*, 106 AD3d 1427, 1428 [2013] [internal quotation marks and citations omitted]; *see Matter of Kempkes v DiNapoli*, 81 AD3d 1071, 1072 [2011]). Notably, an incident is not an accident within the meaning of the Retirement and Social Security Law where the underlying injuries "result[ ] from an expected or foreseeable event arising during the performance of routine employment duties" (*Matter of Ruggiero v DiNapoli*, 85 AD3d at 1283 [internal quotation marks and citations omitted]), "arise from the injured employee's own misstep or inattention" (*Matter of Dilello v DiNapoli*, 83 AD3d 1361, 1362 [2011], *lv denied* 17 NY3d 717 [2011]) or occur during the course of "a training program constituting an ordinary part of [the employee's] job duties and the normal risks arising therefrom" (*Matter of Wolak v DiNapoli*, 71 AD3d 1370, 1371 [2010] [internal quotation marks and citation omitted]).

With respect to the June 1995 incident, the record reflects that petitioner responded to a citizen complaint regarding drug activity and thereafter was injured while attempting to apprehend and subdue one of the suspects in question. Pursuing and subduing a fleeing suspect "is an ordinary employment duty of a police officer" (*Matter of Melendez v New York State Comptroller*, 54 AD3d 1128, 1129 [2008], *lv denied* 12 NY3d 706 [2009]; *see Matter of Hunce v DiNapoli*, 106 AD3d at 1428; *Matter of Held v DiNapoli*, 82 AD3d 1444, 1445 [2011]). To the extent that the record contains evidence from which it could be inferred that petitioner was injured as the result of an assault, there nonetheless is substantial evidence to support the finding that petitioner's injury was precipitated "by physical contact . . . inherent in the routine performance of his duties" (*Matter of Kilbride v New York State Comptroller*, 95 AD3d 1496, 1497 [2012], *lv denied* 19 NY3d 813 [2012]; *see Matter of Jarosz v DiNapoli*, 95 AD3d 1500, 1501 [2012]; *Matter of Wise v New York State Comptroller*, 38 AD3d 1032, 1034 [2007], *lv denied* 9 NY3d 811 [2007]).

Nor are we persuaded that the May 1999 incident constituted a compensable accident. Petitioner entered the desk area at the police station to record his vehicle assignment for his scheduled shift and, upon exiting that location, tripped over a basket that was part of a large commercial shredder. The record reflects that petitioner was aware of the shredder's location, as well as the need to periodically remove the basket in order to empty its contents. Under these circumstances, substantial evidence sup-

ports respondent's finding that petitioner's injuries occurred as the result of his own misstep or inattention (*see Matter of Meyer v New York State Comptroller*, 92 AD3d 1122, 1122-1123 [2012]; *Matter of Magliato v DiNapoli*, 78 AD3d 1457, 1458 [2010]; *Matter of Lassen v Hevesi*, 9 AD3d 780, 781 [2004]).

Substantial evidence also supports respondent's findings as to the April 2002 incident. At the time of this incident, petitioner was engaged in a firearms training exercise designed to simulate combat situations. As he proceeded through the designated course, petitioner tripped over the wooden frame securing a simulated telephone pole to the ground and was injured. Inasmuch as petitioner acknowledged that firearms training was a job requirement, the record supports a finding that "petitioner's injury was the ordinary and foreseeable result of his own inattention or misstep during an activity performed in the course of his employment" (*Matter of Santorsola v McCall*, 302 AD2d 727, 728 [2003]; *see Matter of Wolak v DiNapoli*, 71 AD3d at 1371; *Matter of Neely v DiNapoli*, 71 AD3d 1367, 1368-1369 [2010]; *Matter of DeLaCruz v DiNapoli*, 67 AD3d 1297, 1298 [2009]; *Matter of Felix v New York State Comptroller*, 28 AD3d 993, 994 [2006]).[2]

We reach a similar conclusion regarding the January 2005 incident, during the course of which petitioner slipped and fell while exiting his vehicle at the fuel dock of the local highway garage. According to petitioner, he slipped and fell in a puddle containing a mixture of water and gasoline or diesel fuel. Although the area where petitioner fell was covered by an overhead roof, he acknowledged that it had been raining that evening and testified that he had worked at a gas station during high school and college. Under these circumstances, the hazard encountered by petitioner on the evening in question reasonably could have been anticipated (*see Matter of Butrico v New York State Comptroller*, 97 AD3d 1033, 1034 [2012]; *Matter of Bleeker v New York State Comptroller*, 84 AD3d at 1684), and we discern no basis upon which to disturb respondent's finding that petitioner's fall was occasioned by his own inattention or misstep.

Peters, P.J., Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

2. In light of this conclusion, we need not address respondent's additional finding that petitioner failed to provide timely notice of this incident to his employer.