*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 31, 2014                517958
_____

In the Matter of DENNIS C.
    BENNETT,
                        Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as
    State Comptroller,
                        Respondent.
_____

Calendar Date:  June 4, 2014

Before:  Peters, P.J., Stein, Rose, Egan Jr. and Clark, JJ.

_____

        Raymond G. Lavallee, Esq., PC, Farmingdale (Rosanna A.
Franzi of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondent.

_____

Peters, P.J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent which denied petitioner's
application for accidental disability retirement benefits.

        Petitioner, a member of the crime prevention unit of the
Nassau County Police Department, was conducting a late night
narcotics investigation in April 2010 when a suspect vehicle fled
from the location at issue.  During the high-speed chase that
ensued, the suspect vehicle traversed a road divider, causing the
rear of the vehicle to raise up and slam onto the ground, and the
vehicle then crashed into a fence and came to rest in the

roadway.  The suspect then fled on foot and, after petitioner stopped his vehicle, he alit and gave chase.  Petitioner testified that he caught the suspect and a scuffle ensued, during which he felt his feet slide out from beneath him and he went down to the ground.  When emergency vehicles arrived and illuminated the scene, petitioner observed that the roadway was covered with a fresh coat of shiny liquid, which contained footprints leading from his police vehicle to the site of the altercation.  As the result of his injuries, petitioner filed an application for accidental disability retirement benefits, which was ultimately denied by respondent based upon a determination that petitioner had offered no evidence that he stepped into the liquid or that it caused him to fall and, therefore, the April 2010 incident did not constitute an accident within the purview of Retirement and Social Security Law § 363.  Petitioner then commenced this CPLR article 78 proceeding and we now confirm.

Petitioner bears the burden of proving entitlement to accidental disability retirement benefits and a determination by respondent will be upheld when supported by substantial evidence (see Matter of Fiducia v DiNapoli, 111 AD3d 1018, 1018 [2013]; Matter of Carpenter v DiNapoli, 104 AD3d 1037, 1038 [2013]). Entitlement to such benefits depends upon a demonstration that the underlying incident was "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Quartucio v DiNapoli, 110 AD3d 1336, 1337 [2013] [internal quotation marks and citations omitted]; see Matter of Rodriquez v DiNapoli, 110 AD3d 1125, 1126 [2013]).

Initially, while respondent is entrusted with the authority to resolve credibility issues (see Matter of Messina v New York State & Local Employees' Retirement Sys., 102 AD3d 1068, 1069 [2013], lv denied 21 NY3d 855 [2013]; Matter of Cooke v DiNapoli, 96 AD3d 1340, 1341 [2012]), we disagree with the determination here that petitioner offered no evidence that he stepped in the liquid.  While there was evidence in the record that might suggest that the liquid was not the cause of petitioner's fall, he did testify that the footprints leading from his car to the incident site made him realize that he had run through the liquid and he later stated unequivocally that he slipped on the liquid.

    Nevertheless, the determination must be confirmed where the injury was sustained during the performance of ordinary employment duties and without the occurrence of an unexpected event (see Matter of Pufahl v Murray, 111 AD3d 1050, 1051 [2013]; Matter of Hunce v DiNapoli, 106 AD3d 1427, 1428 [2013]).  Both petitioner and his partner testified that chasing suspects was within their job duties and that, following a vehicle accident, there could be substances in the roadway.  Accordingly, the hazard was one that petitioner reasonably could have anticipated, even if he did not see it until after his fall.  We therefore find no basis upon which to disturb respondent's determination that petitioner did not establish his entitlement to accidental disability retirement benefits (see Matter of Quartucio v DiNapoli, 110 AD3d at 1337; Matter of Bleeker v New York State Comptroller, 84 AD3d 1683, 1683-1684 [2011], lv denied 17 NY3d 709 [2011]).

    Stein, Rose, Egan Jr. and Clark, JJ., concur.

    ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

                              ENTER:

                              Robert D. Mayberger
                              Clerk of the Court