*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   December 18, 2014                    518861
_____

In the Matter of RONALD J.
    BECKLEY,
                        Petitioner,

            v                                    MEMORANDUM AND JUDGMENT

THOMAS NITIDO, as Deputy State
    Comptroller,
                        Respondent.
_____

Calendar Date:   November 13, 2014

Before:   Peters, P.J., Lahtinen, Garry, Rose and Egan Jr., JJ.

                    _____

        Baker, Leshko, Saline & Blosser, LLP, White Plains (Anthony
C. Saline of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (Kathleen M.
Arnold of counsel), for respondent.

                    _____

Peters, P.J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Comptroller which denied
petitioner's application for accidental disability retirement
benefits.

        Petitioner, a police officer, responded to a report of a
fight at a bar.  After arriving at the scene, he observed a
vehicle coming toward him, with an individual on the hood of the
vehicle firing a gun into the vehicle's windshield.  Petitioner
drew his weapon and fired a shot at the individual on the hood of
the vehicle as it passed him.  The shot did not strike the

individual, whom petitioner later discovered was a fellow police officer.  Petitioner thereafter filed an application for accidental disability retirement benefits, claiming that he suffers from posttraumatic stress disorder and high blood pressure as a result of this incident, making him permanently incapacitated from performing the duties of a police officer. The application was initially denied.  Following a hearing, the Hearing Officer also denied the application, finding that the incident did not constitute an accident within the meaning of the Retirement and Social Security Law.  The Comptroller adopted the Hearing Officer's finding and this CPLR article 78 proceeding ensued.

We confirm.  "Petitioner bore the burden of proving entitlement to accidental disability retirement benefits and the Comptroller's determination will be upheld if supported by substantial evidence" (Matter of Bleeker v New York State Comptroller, 84 AD3d 1683, 1683 [2011], lv denied 17 NY3d 709 [2011] [citation omitted]; see Matter of Fiducia v DiNapoli, 111 AD3d 1018, 1018 [2013]).  "To qualify as an accident, the precipitating event must be a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Quartucio v DiNapoli, 110 AD3d 1336, 1337 [2013] [internal quotation marks and citations omitted]; see Matter of Cavallo v DiNapoli, 117 AD3d 1366, 1367 [2014]).  Significantly, the Comptroller's determination "must be confirmed where the injury was sustained during the performance of ordinary employment duties and without the occurrence of an unexpected event" (Matter of Bennett v DiNapoli, 119 AD3d 1310, 1311 [2014]; see Matter of Quartucio v DiNapoli, 110 AD3d at 1337).

Petitioner testified that he had been trained as a police officer to fire his gun when faced with a situation, such as the one presented to him here, where he observed an individual using deadly force against another individual.  Inasmuch as the record supports the Comptroller's determination that petitioner's alleged injuries arose not from an unexpected event, but from risks inherent in the performance of petitioner's job duties, it will not be disturbed (see Matter of Berbenich v Regan, 81 AD2d 732, 732 [1981], affd 54 NY2d 792 [1981]).

Lahtinen, Garry, Rose and Egan Jr., JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court