■ In the Matter of GLENN R. SCOFIELD JR., Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, Respondent. [3 NYS3d 452]—

Lynch, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer, applied for accidental disability retirement benefits in 2010, alleging that he was permanently incapacitated as a result of incidents that occurred on May 23, 1995 and January 23, 2004. Following a hearing, the Hearing Officer denied petitioner's application, finding that neither incident constituted an accident within the meaning of the Retirement and Social Security Law and, further, that petitioner failed to give the required notice for the 2004 incident. Respondent subsequently adopted the Hearing Officer's findings and this CPLR article 78 proceeding ensued.

We confirm. Petitioner bore the burden of proving entitlement to accidental disability retirement benefits and respondent's determination will be upheld if supported by substantial evidence (see Matter of Bennett v DiNapoli, 119 AD3d 1310, 1310 [2014]; Matter of DiGiacomo v DiNapoli, 115 AD3d 1138, 1139 [2014]). In order to qualify as an accident within the meaning of the Retirement and Social Security Law, "the precipitating event must be a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Hunce v DiNapoli, 106 AD3d 1427, 1428 [2013] [internal quotation marks and citations omitted]; see Matter of Bennett v DiNapoli, 119 AD3d at 1310). "[A]n incident does not qualify as an accident justifying the award of accidental disability retirement benefits where the injury results from an expected or foreseeable event arising in the performance of routine employment duties" (Matter of O'Brien v Hevesi, 12 AD3d 895, 896 [2004], lv dismissed 5 NY3d 749 [2005]; accord Matter of Canner v New York State Comptroller, 97 AD3d 1091, 1092 [2012], lv denied 20 NY3d 851 [2012]).

With respect to the May 23, 1995 incident, petitioner testified that he was in a patrol car pursuing a suspect during

daylight hours when he observed the suspect's vehicle crash over a telephone pole that had been laid horizontally to act as a barrier for a parking area. According to petitioner, he was unable to stop in time and his patrol car struck the pole and came to rest on top of the pole. When he exited the patrol car to chase the suspect on foot, he stepped on the pole and his knee buckled, dislocating his kneecap. In our view, even if petitioner did not see where the pole was positioned under the patrol car, the risk of stepping on it as he exited the vehicle could have been reasonably anticipated (*see Matter of Bennett v DiNapoli*, 119 AD3d at 1310; *Matter of Bleeker v New York State Comptroller*, 84 AD3d 1683, 1684 [2011], *lv denied* 17 NY3d 709 [2011]). Inasmuch as pursuing a fleeing suspect is an ordinary duty of a police officer (*see Matter of Quartucio v DiNapoli*, 110 AD3d 1336, 1337 [2013]), respondent's determination that the May 23, 1995 incident does not qualify as an accident within the meaning of the Retirement and Social Security Law is supported by substantial evidence.

We are similarly unpersuaded that the January 23, 2004 incident qualified as an accident. Petitioner testified that he was investigating a fire at approximately 4:00 a.m. and, while he was examining the exterior of a structure damaged by the fire, he slipped on ice that had accumulated on the sidewalk and injured his knee.* In his report of the incident, petitioner stated that the temperature that night was "in the single digits" and he testified that he observed snow on the ground, but nothing on the sidewalk. According to petitioner, the firefighters were still suppressing the fire with water at the time he slipped and, although he was aware that there was water present throughout the area, he was not paying attention as to whether there was water on the sidewalk. Under these circumstances, substantial evidence supports respondent's determination that petitioner's fall occurred while he was performing routine duties of his employment and that the condition of the sidewalk in subfreezing conditions could have reasonably been anticipated (*see Matter of Bleeker v New York State Comptroller*, 84 AD3d at 1684; *Matter of Carducci v DiNapoli*, 77 AD3d 1052, 1053 [2010]). In light of our conclusion, we need not address respondent's additional finding that petitioner failed to provide timely notice of this incident.

McCarthy, J.P., Egan Jr. and Clark, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Petitioner testified that he is a certified fire investigator and was working in that role for the police department on the day in question.