*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 30, 2016                    522379
_____

In the Matter of NANCY A.
    FANNING,
                        Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

THOMAS J. DiNAPOLI, as
    Comptroller of the State of
    New York, et al.,
                        Respondents.
_____

Calendar Date:  May 23, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Devine and Mulvey, JJ.

_____

        Flaherty & Shea, Buffalo (James P. Shea of counsel), for
petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondents.

_____

Garry, J.P.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Comptroller denying
petitioner's application for enhanced disability retirement
benefits.

        In October 2005, petitioner began working as a registered
nurse for the Department of Disability Services.  She was
required to attend a crisis intervention and prevention class on
a yearly basis as part of her job.  At the class that she
attended on December 15, 2005, certain self-defense strategies

were demonstrated.  Petitioner injured her shoulder while engaged in a demonstration with one of the instructors.  She completed an accident report following this incident, but continued working for a number of years thereafter.  When she parted service, she filed an application for disability retirement benefits under Retirement and Social Security Law article 15.  Her application for ordinary disability retirement benefits was approved, but enhanced benefits were denied on the ground that the December 15, 2005 incident did not constitute an accident within the meaning of Retirement and Social Security Law § 605.[1]  Following a hearing, a Hearing Officer ruled that petitioner was entitled to enhanced benefits because the December 15, 2005 incident did constitute an accident.  Respondent Comptroller, however, disagreed and overruled the Hearing Officer's decision. Petitioner then commenced this CPLR article 78 proceeding challenging this determination.

Initially, it is well settled that, for purposes of the Retirement and Social Security Law, an accident is a "'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact'" (Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art II, 57 NY2d 1010, 1012, quoting Johnson Corp. v Indemnity Co. of N. Am., 6 AD2d 97, 100 [1958], affd 7 NY2d 222 [1959]; accord Matter of Lindquist v DiNapoli, 106 AD3d 1439, 1439 [2013]).  Injuries resulting from activities undertaken in the performance of regular and routine job duties (see Matter of Greco v DiNapoli, 123 AD3d 1366, 1367 [2014]; Matter of Brown v New York State & Local Retirement Sys., 106 AD3d 1437, 1438 [2013]) or from risks that are inherent in a particular job do not qualify for such benefits (see Matter of Wailon v New York State & Local Police & Fire Retirement Sys., 118 AD3d 1215, 1215 [2014]; Matter of Roberts v DiNapoli, 117 AD3d 1166, 1166 [2014]).  In addition, "[t]he burden is on the party seeking benefits to establish that the injury producing event was accidental" (Matter of Schoales v DiNapoli, 132 AD3d 1184, 1185 [2015]; see Matter of Begley v

---

[1]  Enhanced benefits are authorized by 2 NYCRR part 368 and the Older Workers' Benefit Protection Act (see 29 USC § 621-634 [1990]; Pub L 101-433, 104 US Stat 978).

<u>DiNapoli</u>, 132 AD3d 1050, 1051 [2015]).  Significantly, the Comptroller's determination in this regard will be upheld if supported by substantial evidence (<u>see</u> <u>Matter of Mace v DiNapoli</u>, 137 AD3d 1448, 1449 [2016]; <u>Matter of Beckley v Nitido</u>, 123 AD3d 1330, 1331 [2014]).

Petitioner was a participant in a mandatory training program at the time of her injury.  Specifically, she was demonstrating a self-defense technique with a male instructor when she pretended to throw a punch and the instructor grabbed her wrist and pulled down, causing her to feel as though her shoulder popped out.  The annual training program constituted a routine aspect of her job at the time of the injury and the associated risk was an inherent part of the training exercise (<u>see</u> <u>Matter of DiCioccio v DiNapoli</u>, 124 AD3d 1170, 1171-1172 [2015]; <u>Matter of Wolak v DiNapoli</u>, 71 AD3d 1370, 1371 [2010]; <u>Matter of Hulse v DiNapoli</u>, 70 AD3d 1235, 1236 [2010]). Petitioner testified that she had observed that the instructor was demonstrating other techniques with other participants prior to her injury.  Although she did not anticipate the amount of force used by the instructor, this does not render the incident accidental.  Accordingly, substantial evidence supports the determination denying petitioner enhanced disability retirement benefits.

Egan Jr., Lynch, Devine and Mulvey, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court