## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: November 17, 2016          523087
_____

In the Matter of MARK J. BUONO
   SR.,
                 Petitioner,

     v                           MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as State
   Comptroller,
                 Respondent.
_____

Calendar Date: October 21, 2016

Before: McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ.

_____

Bartlett, McDonough & Monaghan, LLP, White Plains (Ryan K. Allen of counsel), for petitioner.

Eric T. Schneiderman, Attorney General, Albany (William E. Storrs of counsel), for respondent.

_____

Aarons, J.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.

Petitioner worked as a police officer for 15 years. On April 19, 2012, he was placing a suspect, who had been handcuffed, into the rear seat of the patrol vehicle when the suspect pulled away causing petitioner to be drawn toward the vehicle, to strike his neck and right shoulder on the door jamb, and to sustain injury. As a result of this incident, he filed an application for accidental disability retirement benefits. The

application was denied by the New York State and Local Police and Fire Retirement System on the ground that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363. Petitioner requested a hearing and, at its conclusion, the Hearing Officer denied the application for the same reason. Respondent adopted the Hearing Officer's decision and this CPLR article 78 proceeding ensued.

We confirm. It is well settled that an accident, for purposes of the Retirement and Social Security Law, is "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Kenny v DiNapoli, 11 NY3d 873, 874 [2008] [internal quotation marks and citation omitted]; see Matter of Beckley v Nitido, 123 AD3d 1330, 1331 [2014]). The party seeking benefits bears the burden of establishing that the injury-producing event was accidental (see Matter of Lamb v DiNapoli, 139 AD3d 1312, 1313 [2016]; Matter of Scofield v DiNapoli, 125 AD3d 1086, 1087 [2015]). Significantly, "[i]n order to be deemed accidental, an injury must not have been 'the result of activities undertaken in the ordinary course of one's job duties' but, rather, 'must be due to a precipitating accidental event which is not a risk of the work performed'" (Matter of Schoales v DiNapoli, 132 AD3d 1184, 1185 [2015], quoting Matter of Pommerville v McCall, 6 AD3d 1025, 1026 [2004]; see Matter of Lamb v DiNapoli, 139 AD3d at 1313).

Here, petitioner was performing a routine duty of his job when he responded to his fellow officer's request for assistance in placing the suspect, for whom there was a warrant outstanding, under arrest. He had a hold of the suspect and was in the process of guiding him into the back seat of the patrol vehicle, an activity that he had performed before and for which he had a specific protocol, when the suspect pulled away. Although petitioner did not anticipate this movement by the suspect, this does not render the incident accidental. Considering that the suspect had violently resisted arrest and was clearly agitated, it could be reasonably expected that he would not be cooperative in getting into the vehicle. Accordingly, inasmuch as petitioner's injury arose from an inherent risk of his job, substantial evidence supports the determination denying his application for accidental disability retirement benefits (see

e.g. Matter of Beckley v Nitido, 123 AD3d at 1331; Matter of Quartucio v DiNapoli, 110 AD3d 1336, 1337 [2013]; Matter of Hunce v DiNapoli, 106 AD3d 1427, 1428-1429 [2013]).

McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court