Matter of Daquino v DiNapoli (2018 NY Slip Op 03201)





Matter of Daquino v DiNapoli


2018 NY Slip Op 03201


Decided on May 3, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 3, 2018

525695

[*1]In the Matter of BARBARA DAQUINO, Petitioner,
v
THOMAS P. DiNAPOLI, as State Comptroller, Respondent.

Calendar Date: March 28, 2018

Before: Garry, P.J., McCarthy, Lynch, Clark and Pritzker, JJ.


Bartlett LLP, White Plains (Jason D. Lewis of counsel), for petitioner.
Eric T. Schneiderman, Attorney General, Albany (William E. Storrs of counsel), for respondent.


McCarthy, J.

MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.
Petitioner, a police officer, slipped on a puddle of water that had leaked out of a water cooler at police headquarters. She thereafter applied for accidental disability retirement benefits, alleging that she was permanently disabled from performing her job duties as the result of injuries suffered in the incident. Following a hearing, the Hearing Officer denied the application on the ground that the incident did not
constitute an accident within the meaning of the Retirement and Social Security Law. Respondent adopted the Hearing Officer's decision, and this CPLR article 78 proceeding ensued.
We annul. Petitioner bore the burden of establishing her entitlement to accidental disability retirement benefits and respondent's determination will be upheld if supported by substantial evidence (see Matter of Scofield v DiNapoli, 125 AD3d 1086, 1086 [2015]; Matter of Bennett v DiNapoli, 119 AD3d 1310, 1310 [2014]). In order for an incident to constitute an accident within the meaning of the Retirement and Social Security Law, it must be "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, [*2]57 NY2d 1010, 1012 [1982] [internal quotation marks and citation omitted]; accord Matter of Kenny v DiNapoli, 11 NY3d 873, 874 [2008]).
Respondent adopted the findings and conclusions of the Hearing Officer, who found that slipping on the water "was a sudden, fortuitous mischance and undoubtably unexpected and out of the ordinary." The Hearing Officer denied benefits, however, based solely upon petitioner's failure to demonstrate that the water she had slipped on was not readily observable. In its recent decision in Matter of Kelly v DiNapoli (30 NY3d 674 [2018]), the Court of Appeals stated that "the requirement that a petitioner demonstrate that a condition was not readily observable in order to demonstrate an 'accident' is inconsistent with our prior case law" (id. at 685 n 3). Inasmuch as respondent concluded that — but for the lack of proof that the water was readily observable — the incident satisfied the criteria to constitute an accident within the meaning of the Retirement and Social Security Law, substantial evidence does not support the determination that the incident was not an accident and it must be annulled (see Matter of Starnella v Bratton, 92 NY2d 836, 839 [1998]).
Garry, P.J., Lynch, Clark and Pritzker, JJ., concur.
ADJUDGED that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.