Matter of Piatti v Dinapoli (2020 NY Slip Op 05271)





Matter of Piatti v Dinapoli


2020 NY Slip Op 05271


Decided on October 1, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 1, 2020

530366

[*1]In the Matter of William Piatti, Petitioner,
v
Thomas P. Dinapoli, as State Comptroller, et al., Respondents.

Calendar Date: September 16, 2020

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ.


McIntyre, Donohue, Accardi, Salmonson & Riordan, Bay Shore (Sean Patrick Riordan of counsel), for petitioner.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondents.



Garry, P.J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for accidental disability retirement benefits.
Petitioner, a police officer employed by the Port Authority of New York and New Jersey, was assigned to John F. Kennedy International Airport, where he also served as a crash rescue officer. As part of his duties, petitioner performed functional evaluations of certain emergency apparatus, including crash fire rescue truck 5640-2. While performing a "functional" on this truck in June 2014, petitioner fell from a ladder mounted to the rear of the truck and sustained various injuries. According to petitioner, his fall was occasioned by a broken ladder rung.
Petitioner's subsequent application for accidental disability retirement benefits was denied upon the ground that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363. Following a hearing and redetermination, a Hearing Officer upheld the denial, finding, among other things, that the incident occurred in the performance of petitioner's ordinary employment duties and that the resulting mishap was the product of petitioner's own inattention or misstep. Respondent Comptroller adopted the Hearing Officer's findings of facts and conclusions of law, prompting petitioner to commence this CPLR article 78 proceeding to challenge the Comptroller's determination.
As the applicant, petitioner bore the burden of establishing that his disability was the result of an accident within the meaning of the Retirement and Social Security Law, and the Comptroller's determination in this regard — if supported by substantial evidence in the record as a whole — will be upheld (see Matter of Selke v New York State Comptroller, 176 AD3d 1295, 1295-1296 [2019]; Matter of Loia v DiNapoli, 164 AD3d 1513, 1514 [2018]). An accident has been defined as "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art II, 57 NY2d 1010, 1012 [1982] [internal quotation marks and citation omitted]; accord Matter of Kelly v DiNapoli, 30 NY3d 674, 681 [2018]). As summarized by the Court of Appeals, "an injury-causing event is accidental when it is sudden, unexpected and not a risk of the work performed, but the focus of the determination must be on the precipitating cause of the injury, rather than on the petitioner's job assignment" (Matter of Kelly v DiNapoli, 30 NY3d at 682 [internal quotation marks, brackets and citation omitted]; see Matter of Selke v New York State Comptroller, 176 AD3d at 1296; Matter of Loia v DiNapoli, 164 AD3d at 1514).
Preliminarily, petitioner faults the Hearing Officer and, by extension, the Comptroller for considering whether the hazard alleged, i.e., the broken ladder rung, could have been "reasonably anticipated" (Matter of Stancarone v DiNapoli, 161 AD3d 144, 148-149 [2018]) — an inquiry that petitioner contends does not comport with the analytical framework set forth by the Court of Appeals in Kelly. However, it is apparent that the Hearing Officer simply did not credit petitioner's explanation for his fall and, in so doing, rejected petitioner's claim that the injury-causing event was sudden, unexpected and not a risk of the work being performed at the time of the incident (see Matter of Kelly v DiNapoli, 30 NY3d at 682).
In this regard, petitioner testified that, while performing a functional evaluation of crash fire rescue truck 5640-2, he ascended a fixed ladder on the rear of the truck without incident. After inspecting a light pole located on top of the truck, petitioner began his descent. According to petitioner, as he placed his right foot on the second ladder rung from the top, the rung began to spin and separate from the ladder's side rails, causing him to fall to the ground. Petitioner testified that he informed two fellow police officers that a loose ladder rung had caused his fall.
The first officer testified that he spoke with petitioner within minutes of the incident, and that petitioner told him that the ladder was broken. Upon inspecting the ladder, the first officer noted that the side rails were slightly separated near the top of the ladder and that the second ladder rung was spinning. The June 2014 incident report prepared by this officer, however, made no mention of a broken or spinning ladder rung. Rather, the report indicated that petitioner slipped and "fell off vehicle stairs" — an apparent reference to the fixed ladder — "while maintaining three points of contact." Although this report noted that "proper ladder maintenance" could have prevented the incident, it also reflected that petitioner was "advised to be more aware of his surroundings."
The second officer, who witnessed petitioner's fall, similarly testified that petitioner stated that the ladder moved as he was descending and, upon the second officer's inspection, he too noticed that the rung in question was loose. Again, however, the handwritten statement prepared by this officer following the incident made no mention of any defect. It was not until two months later that the second officer — in response to a superior's request — authored a second handwritten statement, wherein he indicated that "the rear ladder rungs were loose" and that a repair notice had been generated.[FN1] He further testified that a subsequent "resume" — the document prepared following a functional evaluation that, in turn, serves as the basis for any necessary repairs — indicated that the rear ladder rungs on crash fire rescue truck 5640-2 were loose. As the Hearing Officer aptly observed, however, such entry is the only entry on the relevant resume for which no corresponding reporting date appears.
The discrepancy between the testimony offered by petitioner and the second officer at the hearing and the information contained in the written reports prepared shortly after the incident presented a credibility issue for the Hearing Officer and the Comptroller to resolve (see Matter of Mitchell v DiNapoli, 154 AD3d 1029, 1031 [2017]; Matter of Bevilacqua v DiNapoli, 143 AD3d 1219, 1220 [2016]; Matter of Koziuk v New York State Comptroller, 78 AD3d 1458, 1459-1460 [2010]). As there is ample evidence to support the finding that petitioner's fall occurred while he was performing his ordinary employment duties and was the result of petitioner's own misstep or inattention, the Comptroller's determination must be confirmed (see e.g. Matter of Sestito v DiNapoli, 161 AD3d 1499, 1500-1501 [2018]). Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: The record also contains two handwritten reports prepared by a third officer; this officer's June 2014 report indicates that he saw petitioner fall from the vehicle's stairs while maintaining three points of contact, whereas the officer's August 2014 report indicates — for the first time — that the ladder rungs were loose.