Matter of Schemmer v DiNapoli (2021 NY Slip Op 04407)





Matter of Schemmer v DiNapoli


2021 NY Slip Op 04407


Decided on July 15, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 15, 2021

532343
[*1]In the Matter of Paul Schemmer, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:May 25, 2021

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Reynolds Fitzgerald, JJ.

Schwab & Gasparini, PLLC, White Plains (Warren Roth of counsel), for petitioner.
Letitia James, Attorney General, Albany (Frederick A. Brodie of counsel), for respondent.



Reynolds Fitzgerald, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.
From 2000 until his retirement in December 2017, petitioner worked as a police officer with the Village of Ossining Police Department and was promoted to sergeant in 2007. During his tenure as a police officer, he served as an instructor of police disciplines, which included SWAT tactics. On September 13, 2016, while leading a defensive tactics training for the SWAT team at the department's training facility, petitioner sustained an injury to his right shoulder when he attempted to throw his training partner off of him and escape during a ground fighting simulation. As a result of the injury that he sustained from this incident, petitioner filed an application for accidental disability retirement benefits. The New York State and Local Police and Fire Retirement System denied his application on the ground that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363. Respondent ultimately found that the incident did not constitute an accident and upheld the denial of petitioner's application for accidental disability retirement benefits. This CPLR article 78 proceeding ensued.
We confirm. It is well settled that for purposes of the Retirement and Social Security Law, an accident is "defined as a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Parry v New York State Comptroller, 187 AD3d 1303, 1304 [2020] [internal quotation marks and citations omitted]; see Matter of Kelly v DiNapoli, 30 NY3d 674, 681 [2018]; Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d 1010, 1012 [1982]). "Notably, an incident is not an accident within the meaning of the Retirement and Social Security Law where the underlying injuries result from an expected or foreseeable event arising during the performance of routine employment duties . . . or occur during the course of a training program constituting an ordinary part of the employee's job duties and the normal risks arising therefrom" (Matter of Quartucio v DiNapoli, 110 AD3d 1336, 1337 [2013] [internal quotation marks, brackets and citations omitted]; see Matter of Hulse v DiNapoli, 70 AD3d 1235, 1236 [2010]). "Petitioner bears the burden of establishing that the injury-producing event was accidental in nature, and respondent's determination will be upheld where it is supported by substantial evidence" (Matter of O'Mahony v DiNapoli, 157 AD3d 1107, 1108 [2018]; see Matter of Piatti v DiNapoli, 187 AD3d 1274, 1275 [2020]; Matter of Magistro v DiNapoli, 142 AD3d 750, 751 [2016]).
Petitioner, who had been an instructor of police disciplines and SWAT tactics for approximately 18 years, testified that, on the [*2]day of the incident, he was leading a defensive tactics training session for his SWAT team to demonstrate how to control a suspect on the ground using grappling techniques. Prior to demonstrating the subject techniques, petitioner provided verbal instruction and explained that the maneuvers would be conducted at a slow and smooth training pace akin to a sparring session in order to avoid injury. While subsequently participating in a ground fighting simulation with his training partner, who petitioner had already been working with for 15 or 20 minutes immediately prior to the incident, petitioner was on the ground in a supine position with his partner fully mounted on petitioner's stomach. When petitioner, as part of the demonstration, attempted to escape his partner's control by pushing his hands into his partner's chest to throw him off, his partner, who allegedly acted faster and more forceful than was anticipated for the exercise, grabbed petitioner's wrists and pinned them over petitioner's head, injuring petitioner's right shoulder.
Inasmuch as the record reflects that the training exercise in question arose from, and was a required part of, petitioner's routine duties as a police officer and instructor of defensive tactics, we find that petitioner could have reasonably anticipated and foreseen "the attendant risks of that training exercise" (Matter of O'Mahony v DiNapoli, 157 AD3d at 1109; see Matter of Dicioccio v DiNapoli, 124 AD3d 1170, 1171 [2015]; Matter of Felix v New York State Comptroller, 28 AD3d 993, 994 [2006]; Matter of McKenna v Hevesi, 26 AD3d 584, 585 [2006]). Further, the fact that, as petitioner contends, his training partner might not have performed the maneuver and training exercise as instructed or that petitioner did not anticipate the speed and force with which his partner moved during the training exercise did not transform the incident into an accident within the meaning of the Retirement and Social Security Law (see Matter of O'Mahony v DiNapoli, 157 AD3d at 1109; Matter of Wolak v DiNapoli, 71 AD3d 1370, 1371 [2010]; Matter of Felix v New York State Comptroller, 28 AD3d at 994). Accordingly, as substantial evidence supports the determination that petitioner's injury was not the result of an accident, that determination will not be disturbed.
Garry, P.J., Egan Jr., Clark and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.