Matter of Bohack v DiNapoli (2021 NY Slip Op 04943)





Matter of Bohack v DiNapoli


2021 NY Slip Op 04943


Decided on September 2, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 2, 2021

532861
[*1]In the Matter of Michael Bohack, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:August 18, 2021

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Colangelo, JJ.

Schwab & Gasparini, PLLC, White Plains (Warren J. Roth of counsel), for petitioner.
Letitia James, Attorney General, Albany (Dustin J. Brockner of counsel), for respondent.



Egan Jr., J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.
Petitioner, a firefighter, filed an application for accidental disability retirement benefits alleging that he was permanently disabled as a result of injuries to his back that were sustained during a training exercise in June 2014. The New York State and Local Police and Fire Retirement System denied petitioner's application upon the ground that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363. Following a hearing and redetermination, the Hearing Officer denied petitioner's application, finding that the underlying incident occurred during the course of petitioner's routine employment duties and was a risk inherent in the performance thereof. Respondent upheld the Hearing Officer's decision, prompting petitioner to commence this CPLR article 78 proceeding to challenge respondent's determination.
"As the applicant, petitioner bore the burden of establishing that his disability arose from an accident within the meaning of the Retirement and Social Security Law, and [respondent's] determination in this regard will be upheld if supported by substantial evidence" (Matter of Harris v New York State & Local Retirement Sys., 191 AD3d 1085, 1085 [2021] [citations omitted]; see Matter of Parry v New York State Comptroller, 187 AD3d 1303, 1304 [2020]; Matter of Piatti v DiNapoli, 187 AD3d 1274, 1275 [2020]). For purposes of the Retirement and Social Security Law, an accident is defined as "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Kenny v DiNapoli, 11 NY3d 873, 874 [2008] [internal quotation marks and citation omitted]; accord Matter of Kelly v DiNapoli, 30 NY3d 674, 681 [2018]). To that end, "an injury that results from the performance of ordinary employment duties and is a risk inherent in such job duties is not considered accidental" (Matter of McGoey v DiNapoli, 194 AD3d 1296, 1297 [2021] [internal quotation marks, brackets and citation omitted]; see Matter of Parry v New York State Comptroller, 187 AD3d at 1304; Matter of Angelino v New York State Comptroller, 176 AD3d 1376, 1378 [2019]).
Petitioner was granted performance of duty disability retirement benefits in April 2017 and, hence, the sole issue to be resolved at the hearing was whether the June 2014 incident constituted an accident. In this regard, petitioner testified that, on the day in question, he and two other firefighters were engaged in a routine training exercise — one that petitioner had performed 40 or 50 times during the course of his career — involving the simulated rescue of an injured firefighter. During the exercise, petitioner and another firefighter were to lift the firefighter cast in the role of the victim, who [*2]was lying prone on the floor, and transport him — feet first — out of an open window, whereupon he would be lowered via a rope to the ground below. Petitioner grabbed the victim by the cuff of his pants and his waist strap and, with the assistance of his fellow firefighter, began to lift the victim from the floor. As they did so, the other firefighter apparently lost his grip, causing petitioner to "jerk forward" under the weight of the victim and his gear (approximately 285 pounds), which, in turn, caused injury to petitioner's back.
It is well settled that "an incident is not an accident within the meaning of the Retirement and Social Security Law where the underlying injuries result from an expected or foreseeable event arising during the performance of routine employment duties or occur during the course of a training program constituting an ordinary part of the employee's job duties and the normal risks arising therefrom" (Matter of O'Mahony v DiNapoli, 157 AD3d 1107, 1108 [2018] [internal quotation marks, ellipsis and citations omitted]; see Matter of Fanning v DiNapoli, 140 AD3d 1582, 1583 [2016]; Matter of Stimpson v Hevesi, 38 AD3d 979, 980-981 [2007]; Matter of McKenna v Hevesi, 26 AD3d 584, 585 [2006]; see also Matter of Creegan v DiNapoli, 172 AD3d 1856, 1858 [2019], lv denied 34 NY3d 902 [2019]). There is no dispute that petitioner was injured during a training exercise that, in turn, simulated a task that was part and parcel of his routine employment duties. Although petitioner asserts that the precipitating event, i.e., his fellow firefighter losing his grip on the victim, was unforeseeable, the fact "[t]hat a fellow employee might for some reason be unable to fully hold up his [or her] side of the load is by no means unexpected. It is, rather, an integral risk of lifting and carrying heavy objects" or, in this case, another firefighter (Matter of Thompson v Regan, 185 AD2d 577, 578 [1992]; see Matter of Iovino v DiNapoli, 162 AD3d 1447, 1448 [2018]; cf. Matter of Stone v New York State Comptroller, 90 AD3d 1377, 1377-1378 [2011], lv denied 18 NY3d 810 [2012]; Matter of DeLaCruz v DiNapoli, 67 AD3d 1297, 1298 [2009]; Matter of Kosilla v Hevesi, 25 AD3d 870, 872 [2006]). In short, substantial evidence supports respondent's finding that petitioner was injured during the course of a routine training exercise and as the result of the ordinary risks arising therefrom. Petitioner's related assertion — that the Hearing Officer misapplied the controlling case law — is unpersuasive. Accordingly, respondent's determination is confirmed.
Garry, P.J., Clark, Pritzker and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.