Matter of Chern v DiNapoli (2024 NY Slip Op 01598)

Matter of Chern v DiNapoli

2024 NY Slip Op 01598

Decided on March 21, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 21, 2024

CV-23-1359
[*1]In the Matter of Hung-Haw Chern, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:February 23, 2024

Before:Garry, P.J., Aarons, Lynch, Fisher and Mackey, JJ.

Schwab & Gasparini, PLLC, White Plains (Victor Aqeel of counsel), for petitioner.
Letitia James, Attorney General, Albany (Frederick A. Brodie of counsel), for respondent.

Garry, P.J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.
In 2020, petitioner, a police officer, filed an application for accidental disability retirement benefits alleging that he was permanently disabled due to injuries sustained in an incident on May 6, 2020 when he fell while engaged in a training exercise at the police academy. The New York State and Local Police and Fire Retirement System denied his application on the ground that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363. Following a hearing for redetermination, a Hearing Officer denied the application, concluding that the incident occurred during a training program that was an ordinary part of petitioner's job duties and a normal risk of those duties and, as such, was not an accident for purposes of accidental disability retirement benefits. Respondent upheld the denial of the application, adopting those findings and conclusions of law. This CPLR article 78 proceeding ensued.
We confirm. For purposes of the Retirement and Social Security Law, an accident is "defined as a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Schemmer v DiNapoli, 196 AD3d 958, 959 [3d Dept 2021] [internal quotation marks and citation omitted]; see Matter of Kelly v DiNapoli, 30 NY3d 674, 681 [2018]; Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d 1010, 1012 [1982]). Under settled law, "an incident is not an accident within the meaning of the Retirement and Social Security Law where the underlying injuries result from an expected or foreseeable event arising during the performance of routine employment duties or occur during the course of a training program constituting an ordinary part of the employee's job duties and the normal risks arising therefrom" (Matter of Bohack v DiNapoli, 197 AD3d 1384, 1385 [3d Dept 2021] [internal quotation marks and citations omitted; emphasis added]; accord Matter of Quartucio v DiNapoli, 110 AD3d 1336, 1337 [3d Dept 2013]; see Matter of Fanning v DiNapoli, 140 AD3d 1582, 1583 [3d Dept 2016]; Matter of Dicioccio v DiNapoli, 124 AD3d 1170, 1171 [3d Dept 2015]; Matter of Wolak v DiNapoli, 71 AD3d 1370, 1371 [3d Dept 2010]; Matter of Hulse v DiNapoli, 70 AD3d 1235, 1236 [3d Dept 2010]). It is petitioner's burden to establish that the event producing the injury was accidental in nature, and respondent's determination will be upheld where it is supported by substantial evidence (see Matter of Rizzo v DiNapoli, 201 AD3d 1098, 1099 [3d Dept 2022], affd 39 NY3d 991 [2022]; Matter of Schemmer v DiNapoli, 196 AD3d at 959).
Petitioner testified that, as part of his assignment to the community policing unit, which uses bicycles, he [*2]participated in a required 10-day training program that involved classroom instruction and hands-on training exercises, including bicycle techniques he might use in the performance of his duties. After the instructors demonstrated the technique and petitioner practiced it, petitioner participated in a simulated training exercise that required him to dismount from a moving bicycle and then run on foot to chase an instructor acting as a fleeing "suspect." During the exercise, petitioner lost his balance and fell on his knee, causing injuries. A video recording that captured the incident was viewed during the hearing. Petitioner confirmed that the bicycle was not defective and that he did not hit anything while riding the bicycle and did not slip or trip on anything while attempting to dismount.
"Pursuing and subduing a fleeing suspect is an ordinary employment duty of a police officer" (Matter of Quartucio v DiNapoli, 110 AD3d at 1337 [internal quotation marks and citations omitted]). Petitioner's job duties included on-the-job training in law enforcement techniques and he acknowledged that his duties as part of the unit to which he was assigned included bicycle training. As we previously recognized in comparable scenarios, incidents in which injuries are sustained while participating in a training exercise as part of routine job duties and involving normal risks related thereto, including police officers injured while practicing running dismounts during bicycle patrol training, do not constitute accidents for purposes of accidental disability retirement benefits (see Matter of Hulse v DiNapoli, 70 AD3d at 1236; Matter of Marsala v New York State & Local Employees' Retirement Sys., 14 AD3d 984, 985 [3d Dept 2005], lv denied 4 NY3d 709 [2005]; see also Matter of Bohack v DiNapoli, 197 AD3d at 1385; Matter of Schemmer v DiNapoli, 196 AD3d at 959; Matter of Fanning v DiNapoli, 140 AD3d at 1583; Matter of Quartucio v DiNapoli, 110 AD3d at 1337). The fact that, during the simulated exercise, the instructor yelled at petitioner to pedal faster prior to his fall and, after the fall, yelled at him to proceed with the exercise, does not render the incident an accident (see Matter of O'Mahony v DiNapoli, 157 AD3d 1107, 1109 [3d Dept 2018]). As substantial evidence supports respondent's determination, it will not be disturbed (see Matter of Rizzo v DiNapoli, 201 AD3d at 1099; Matter of O'Mahony v DiNapoli, 157 AD3d at 1108-1109; Matter of Hulse v DiNapoli, 70 AD3d at 1236; Matter of Marsala v New York State & Local Employees' Retirement Sys., 14 AD3d at 985).
Aarons, Lynch, Fisher and Mackey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.